# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **GEOTAG, INC.,** | | |
| **Plaintiff,** | | |
| **v.** | | **2:10-CV-571** |
| **GUCCI AMERICA, INC., et al.,** | | |
| **Defendants.** | | |

## DEFENDANT CHANEL, INC.'S ANSWER AND COUNTERCLAIMS
## TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Chanel, Inc. ("Chanel") files this Answer and Counterclaims to Plaintiff GeoTag, Inc.'s ("GeoTag") Complaint for Patent Infringement (Dkt. No. 1) ("Complaint") as follows:

## PARTIES

1.      Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.      Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3.      Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.      Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, on that basis, denies all such allegations.

5.      Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, on that basis, denies all such allegations.

6.      Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, on that basis, denies all such allegations.

7.      Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8.      Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9.      Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16.     Chanel admits that it has a place of business in New York, New York.

17.     Because Chanel USA, Inc. has been dismissed from this case (Dkt. No. 25), Paragraph 17 of the Complaint does not require a response by Chanel.  To the extent that paragraph 17 is deemed to require a response, Chanel denies that Chanel USA, Inc. is a valid entity and further denies that Chanel USA, Inc. has a place of business in New York, New York.

18.     Because Trademark Services Limited has been dismissed from this case (Dkt. No. 25), Paragraph 18 of the Complaint does not require a response by Chanel.  To the extent that paragraph 18 is deemed to require a response, Chanel admits that Trademark Services Limited

has a place of business in New York, New York.   Chanel acknowledges that the Complaint collectively refers to Chanel, Inc., Chanel USA, Inc. and Trademark Services, Ltd. as "Chanel." The averments in this answer and counterclaims, however, are made by Chanel, Inc. only.

19.    Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20.    Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21.    Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, on that basis, denies all such allegations.

22.    Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, on that basis, denies all such allegations.

23.    Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and, on that basis, denies all such allegations.

24.    Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and, on that basis, denies all such allegations.

25.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and, on that basis, denies all such allegations.

27.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, on that basis, denies all such allegations.

28.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and, on that basis, denies all such allegations.

29.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and, on that basis, denies all such allegations.

30.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and, on that basis, denies all such allegations.

31.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and, on that basis, denies all such allegations.

32.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and, on that basis, denies all such allegations.

33.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and, on that basis, denies all such allegations.

34.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and, on that basis, denies all such allegations.

35.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and, on that basis, denies all such allegations.

36.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and, on that basis, denies all such allegations.

37.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and, on that basis, denies all such allegations.

38.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint and, on that basis, denies all such allegations.

39.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint and, on that basis, denies all such allegations.

40.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint and, on that basis, denies all such allegations.

41.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and, on that basis, denies all such allegations.

42.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and, on that basis, denies all such allegations.

43.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint and, on that basis, denies all such allegations.

44.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and, on that basis, denies all such allegations.

## JURISDICTION AND VENUE

45.     To the extent that the allegations in paragraph 45 of the Complaint are directed against Chanel, Chanel admits that the Complaint alleges an action for patent infringement pursuant to Title 35 of the United States Code.  Chanel further admits that this Court has subject matter jurisdiction over this action.  Chanel does not contest personal jurisdiction over Chanel by

this Court and further admits that Chanel has conducted businesses within this Judicial District and/or the state of Texas.  Chanel denies that it has committed any acts of infringement in this Judicial District and further denies that its websites comprise "infringing methods and apparatuses."  Chanel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 (including those alleged as to any other party) and, on that basis, denies all such allegations.

46.     To the extent that the allegations in paragraph 46 of the Complaint are directed against Chanel, Chanel denies that venue is convenient in this Judicial District as to Chanel but does not contest venue over Chanel in this Judicial District.  Chanel does not contest personal jurisdiction over Chanel by this Court and further admits that Chanel has conducted businesses within this Judicial District and/or the state of Texas.  Chanel denies that it has committed any acts of infringement in this Judicial District and further denies that its websites comprise "infringing methods and apparatuses."  Chanel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 (including those alleged as to any other party) and, on that basis, denies all such allegations.

47.     To the extent that the allegations in paragraph 47 of the Complaint are directed against Chanel, Chanel denies that venue is convenient in this Judicial District as to Chanel but does not contest venue over Chanel in this Judicial District.  Chanel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 (including those alleged as to any other party) and, on that basis, denies all such allegations.

## COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. PATENT 5,930,474

48.     Chanel admits that U.S. Patent No. 5,930,474 ("the '474 Patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information" and on its face indicates that it issued on July 29, 1999.  Chanel denies that the '474 Patent was duly and legally issued.

49.     Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint and, on that basis, denies all such allegations.

50.     Because the claims of the '474 Patent have not yet been construed in this case, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and, on that basis, denies all such allegations.

51.     To the extent that the allegations in paragraph 51 of the Complaint are directed against Chanel, Chanel denies the allegations of paragraph 51 of the Complaint.  Chanel has not and does not currently infringe any valid claim of the '474 Patent.  Chanel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51 (including those alleged as to any other party) and, on that basis, denies all such allegations.

52.     Paragraph 52 of the Complaint does not require a response by Chanel.  To the extent that paragraph 52 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and, on that basis, denies all such allegations.

53.     Paragraph 53 of the Complaint does not require a response by Chanel.  To the extent that paragraph 53 is deemed to require a response, Chanel is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint and, on that basis, denies all such allegations.

54.    Paragraph 54 of the Complaint does not require a response by Chanel.  To the extent that paragraph 54 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint and, on that basis, denies all such allegations.

55.    Paragraph 55 of the Complaint does not require a response by Chanel.  To the extent that paragraph 55 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint and, on that basis, denies all such allegations.

56.    Paragraph 56 of the Complaint does not require a response by Chanel.  To the extent that paragraph 56 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint and, on that basis, denies all such allegations.

57.    Paragraph 57 of the Complaint does not require a response by Chanel.  To the extent that paragraph 57 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint and, on that basis, denies all such allegations.

58.    Chanel denies the allegations of paragraph 58 of the Complaint.

59.    Paragraph 59 of the Complaint does not require a response by Chanel.  To the extent that paragraph 59 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint and, on that basis, denies all such allegations.

60.     Paragraph 60 of the Complaint does not require a response by Chanel.  To the extent that paragraph 60 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint and, on that basis, denies all such allegations.

61.     Paragraph 61 of the Complaint does not require a response by Chanel.  To the extent that paragraph 61 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint and, on that basis, denies all such allegations.

62.     Paragraph 62 of the Complaint does not require a response by Chanel.  To the extent that paragraph 62 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint and, on that basis, denies all such allegations.

63.     Paragraph 63 of the Complaint does not require a response by Chanel.  To the extent that paragraph 63 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint and, on that basis, denies all such allegations.

64.     Paragraph 64 of the Complaint does not require a response by Chanel.  To the extent that paragraph 64 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint and, on that basis, denies all such allegations.

65.     Paragraph 65 of the Complaint does not require a response by Chanel.  To the extent that paragraph 65 is deemed to require a response, Chanel is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint and, on that basis, denies all such allegations.

66.     Paragraph 66 of the Complaint does not require a response by Chanel. To the extent that paragraph 66 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint and, on that basis, denies all such allegations.

67.     Paragraph 67 of the Complaint does not require a response by Chanel. To the extent that paragraph 67 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint and, on that basis, denies all such allegations.

68.     Paragraph 68 of the Complaint does not require a response by Chanel. To the extent that paragraph 68 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint and, on that basis, denies all such allegations.

69.     Paragraph 69 of the Complaint does not require a response by Chanel. To the extent that paragraph 69 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint and, on that basis, denies all such allegations.

70.     Paragraph 70 of the Complaint does not require a response by Chanel. To the extent that paragraph 70 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint and, on that basis, denies all such allegations.

71.     Paragraph 71 of the Complaint does not require a response by Chanel.  To the extent that paragraph 71 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint and, on that basis, denies all such allegations.

72.     Paragraph 72 of the Complaint does not require a response by Chanel.  To the extent that paragraph 72 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint and, on that basis, denies all such allegations.

73.     Paragraph 73 of the Complaint does not require a response by Chanel.  To the extent that paragraph 73 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint and, on that basis, denies all such allegations.

74.     Paragraph 74 of the Complaint does not require a response by Chanel.  To the extent that paragraph 74 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Complaint and, on that basis, denies all such allegations.

75.     Paragraph 75 of the Complaint does not require a response by Chanel.  To the extent that paragraph 75 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Complaint and, on that basis, denies all such allegations.

76.     Paragraph 76 of the Complaint does not require a response by Chanel.  To the extent that paragraph 76 is deemed to require a response, Chanel is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint and, on that basis, denies all such allegations.

77.    Paragraph 77 of the Complaint does not require a response by Chanel.  To the extent that paragraph 77 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Complaint and, on that basis, denies all such allegations.

78.    Paragraph 78 of the Complaint does not require a response by Chanel.  To the extent that paragraph 78 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint and, on that basis, denies all such allegations.

79.    Paragraph 79 of the Complaint does not require a response by Chanel.  To the extent that paragraph 79 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Complaint and, on that basis, denies all such allegations.

80.    Paragraph 80 of the Complaint does not require a response by Chanel.  To the extent that paragraph 80 is deemed to require a response, Chanel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Complaint and, on that basis, denies all such allegations.

81.    Paragraph 81 of the Complaint fails to state a claim for willful infringement on which relief may be granted.  To the extent that paragraph 81 is deemed to require a response and to the extent that the allegations in paragraph 81 of the Complaint are directed against Chanel, Chanel denies the allegations of paragraph 81 of the Complaint.  Chanel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 81 (including those alleged as to any other party) and, on that basis, denies all such allegations.

82.     To the extent that the allegations in paragraph 82 of the Complaint are directed against Chanel, Chanel denies the allegations of paragraph 82 of the Complaint.  Chanel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 82 (including those alleged as to any other party) and, on that basis, denies all such allegations

## PRAYER FOR [ALLEGED] RELIEF

83.     Chanel denies that Plaintiff is entitled to any relief from Chanel and denies all of the allegations directed towards Chanel contained in paragraphs "1." through "6." of Plaintiff's Prayer for Relief.  To the extent that the allegations in paragraphs "1." through "6." of Plaintiff's Prayer for Relief are directed against defendants other than Chanel, Chanel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies all such allegations.

## DEMAND FOR JURY TRIAL

84.     Chanel admits that the Complaint sets forth a request for trial by jury.

85.     To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Chanel denies them.

## AFFIRMATIVE DEFENSES

Chanel's Affirmative Defenses are listed below.  Chanel reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

1.     Chanel does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '474 Patent.

## SECOND DEFENSE

2.     Each asserted claim of the '474 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

3.     Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

## FOURTH DEFENSE

4.     To the extent that Plaintiff and alleged predecessors in interest to the '474 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Chanel's actions allegedly infringed the '474 Patent, Chanel is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '474 Patent.

## FIFTH DEFENSE

5.      To the extent that Plaintiff asserts that Chanel indirectly infringes, either by contributory infringement or inducement of infringement, Chanel is not liable to Plaintiff for the acts alleged to have been performed before Chanel knew that its actions would cause indirect infringement.

## SIXTH DEFENSE

6.      Plaintiff's attempted enforcement of the '474 Patent against Chanel is barred by laches and estoppel.

## SEVENTH DEFENSE

7.      The claims of the '474 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Chanel.

## EIGHTH DEFENSE

8.      The Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

## PARTIES

1.      Counterclaim Plaintiff Chanel, Inc. ("Chanel") is a New York corporation, with its principal place of business in New York, New York.

2.      On information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant GeoTag, Inc. is a Delaware Corporation, with its principal place of business located in Plano, Texas.

## JURISDICTION

3.      This counterclaim arises under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq,*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400. Venue is further proper in the Marshall Division.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

5.      Based on Plaintiff's filing of this action and Chanel's First Defense, an actual controversy has arisen and now exists between the parties as to whether Chanel infringes the '474 Patent.

6.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Chanel requests a declaration by the Court that it does not infringe any claim of the '474 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

7.     Based on Plaintiff's filing of this action and Chanel's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '474 Patent.

8.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Chanel requests a declaration by the Court that the claims of the '474 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Chanel asks this Court to enter judgment in Chanel favor and against Plaintiff GeoTag by granting the following relief:

a) a declaration that the asserted claims of the '474 Patent are invalid;

b) a declaration that Chanel does not infringe, under any theory, any valid claim of the '474 Patent that may be enforceable;

c) a declaration that GeoTag take nothing by its Complaint;

d) judgment against GeoTag and in favor of Chanel;

e) dismissal of the Complaint with prejudice;

f) an award to Chanel of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Chanel hereby demands trial by jury on all issues.

Dated: March 11, 2011                    Respectfully submitted,

                                         **FISH & RICHARDSON P.C.**

                                         /s/ Neil J. McNabnay
                                         Neil J. McNabnay
                                         Texas Bar No. 24002583
                                         mcnabnay@fr.com
                                         Michael A. Bittner
                                         Texas Bar No. 24064905
                                         bittner@fr.com
                                         1717 Main Street, Suite 5000
                                         Dallas, TX 75201
                                         (214) 747-5070 (Telephone)
                                         (214) 747-2091 (Telecopy)

                                         **ATTORNEYS FOR DEFENDANT
                                         CHANEL, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 11, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                         /s/ Neil J. McNabnay
                                         Neil J. McNabnay