UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUCCI AMERICA, INC., et al., <br><br> Defendants. | 2:10-CV-571 |

**DEFENDANT COACH, INC.'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Coach, Inc. ("Coach") files this Answer and Counterclaims to Plaintiff GeoTag, Inc.'s ("GeoTag") Complaint for Patent Infringement (Dkt. No. 1) ("Complaint") as follows:

**PARTIES**

1. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, on that basis, denies all such allegations.

5. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, on that basis, denies all such allegations.

6. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, on that basis, denies all such allegations.

7. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, on that basis, denies all such allegations.

17. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, on that basis, denies all such allegations.

18.     Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     Coach admits that it has a place of business in New York, New York.

20.     Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21.     Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, on that basis, denies all such allegations.

22.     Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, on that basis, denies all such allegations.

23.     Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and, on that basis, denies all such allegations.

24.     Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and, on that basis, denies all such allegations.

25.     Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and, on that basis, denies all such allegations.

27. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, on that basis, denies all such allegations.

28. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and, on that basis, denies all such allegations.

29. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and, on that basis, denies all such allegations.

30. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and, on that basis, denies all such allegations.

31. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and, on that basis, denies all such allegations.

32. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and, on that basis, denies all such allegations.

33. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and, on that basis, denies all such allegations.

34. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and, on that basis, denies all such allegations.

35. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and, on that basis, denies all such allegations.

36. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and, on that basis, denies all such allegations.

37. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and, on that basis, denies all such allegations.

38. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint and, on that basis, denies all such allegations.

39. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint and, on that basis, denies all such allegations.

40. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint and, on that basis, denies all such allegations.

41. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and, on that basis, denies all such allegations.

42. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and, on that basis, denies all such allegations.

43. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint and, on that basis, denies all such allegations.

44. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and, on that basis, denies all such allegations.

## JURISDICTION AND VENUE

45. To the extent that the allegations in paragraph 45 of the Complaint are directed against Coach, Coach admits that the Complaint alleges an action for patent infringement pursuant to Title 35 of the United States Code. Coach further admits that this Court has subject matter jurisdiction over this action. Coach does not contest personal jurisdiction over Coach by this Court and further admits that Coach has conducted businesses within this Judicial District and/or the state of Texas. Coach denies that it has committed any acts of infringement in this Judicial District and further denies that its websites comprise "infringing methods and

apparatuses." Coach is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 (including those alleged as to any other party) and, on that basis, denies all such allegations.

46. To the extent that the allegations in paragraph 46 of the Complaint are directed against Coach, Coach denies that venue is convenient in this Judicial District as to Coach but does not contest venue over Coach in this Judicial District. Coach does not contest personal jurisdiction over Coach by this Court and further admits that Coach has conducted businesses within this Judicial District and/or the state of Texas. Coach denies that it has committed any acts of infringement in this Judicial District and further denies that its websites comprise "infringing methods and apparatuses." Coach is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 (including those alleged as to any other party) and, on that basis, denies all such allegations.

47. To the extent that the allegations in paragraph 47 of the Complaint are directed against Coach, Coach denies that venue is convenient in this Judicial District as to Coach but does not contest venue over Coach in this Judicial District. Coach is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 (including those alleged as to any other party) and, on that basis, denies all such allegations.

## COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. PATENT 5,930,474

48. Coach admits that U.S. Patent No. 5,930,474 ("the '474 Patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information" and on its face indicates that it issued on July 29, 1999. Coach denies that the '474 Patent was duly and legally issued.

49. Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint and, on that basis, denies all such allegations.

50. Because the claims of the '474 Patent have not yet been construed in this case, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and, on that basis, denies all such allegations.

51. To the extent that the allegations in paragraph 51 of the Complaint are directed against Coach, Coach denies the allegations of paragraph 51 of the Complaint. Coach has not and does not currently infringe any valid claim of the '474 Patent. Coach is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51 (including those alleged as to any other party) and, on that basis, denies all such allegations.

52. Paragraph 52 of the Complaint does not require a response by Coach. To the extent that paragraph 52 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and, on that basis, denies all such allegations.

53. Paragraph 53 of the Complaint does not require a response by Coach. To the extent that paragraph 53 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint and, on that basis, denies all such allegations.

54. Paragraph 54 of the Complaint does not require a response by Coach. To the extent that paragraph 54 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint and, on that basis, denies all such allegations.

DEFENDANT COACH, INC.'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT                                    PAGE   9

55. Paragraph 55 of the Complaint does not require a response by Coach. To the extent that paragraph 55 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint and, on that basis, denies all such allegations.

56. Paragraph 56 of the Complaint does not require a response by Coach. To the extent that paragraph 56 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint and, on that basis, denies all such allegations.

57. Paragraph 57 of the Complaint does not require a response by Coach. To the extent that paragraph 57 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint and, on that basis, denies all such allegations.

58. Paragraph 58 of the Complaint does not require a response by Coach. To the extent that paragraph 58 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint and, on that basis, denies all such allegations.

59. Coach denies the allegations of paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint does not require a response by Coach. To the extent that paragraph 60 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint and, on that basis, denies all such allegations.

61. Paragraph 61 of the Complaint does not require a response by Coach. To the extent that paragraph 61 is deemed to require a response, Coach is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint and, on that basis, denies all such allegations.

62. Paragraph 62 of the Complaint does not require a response by Coach. To the extent that paragraph 62 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint and, on that basis, denies all such allegations.

63. Paragraph 63 of the Complaint does not require a response by Coach. To the extent that paragraph 63 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint and, on that basis, denies all such allegations.

64. Paragraph 64 of the Complaint does not require a response by Coach. To the extent that paragraph 64 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint and, on that basis, denies all such allegations.

65. Paragraph 65 of the Complaint does not require a response by Coach. To the extent that paragraph 65 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint and, on that basis, denies all such allegations.

66. Paragraph 66 of the Complaint does not require a response by Coach. To the extent that paragraph 66 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint and, on that basis, denies all such allegations.

**DEFENDANT COACH, INC.'S ANSWER AND COUNTERCLAIMS**
**TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**       **PAGE   11**

67. Paragraph 67 of the Complaint does not require a response by Coach. To the extent that paragraph 67 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint and, on that basis, denies all such allegations.

68. Paragraph 68 of the Complaint does not require a response by Coach. To the extent that paragraph 68 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint and, on that basis, denies all such allegations.

69. Paragraph 69 of the Complaint does not require a response by Coach. To the extent that paragraph 69 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint and, on that basis, denies all such allegations.

70. Paragraph 70 of the Complaint does not require a response by Coach. To the extent that paragraph 70 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint and, on that basis, denies all such allegations.

71. Paragraph 71 of the Complaint does not require a response by Coach. To the extent that paragraph 71 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint and, on that basis, denies all such allegations.

72. Paragraph 72 of the Complaint does not require a response by Coach. To the extent that paragraph 72 is deemed to require a response, Coach is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint and, on that basis, denies all such allegations.

73. Paragraph 73 of the Complaint does not require a response by Coach. To the extent that paragraph 73 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint and, on that basis, denies all such allegations.

74. Paragraph 74 of the Complaint does not require a response by Coach. To the extent that paragraph 74 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Complaint and, on that basis, denies all such allegations.

75. Paragraph 75 of the Complaint does not require a response by Coach. To the extent that paragraph 75 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Complaint and, on that basis, denies all such allegations.

76. Paragraph 76 of the Complaint does not require a response by Coach. To the extent that paragraph 76 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint and, on that basis, denies all such allegations.

77. Paragraph 77 of the Complaint does not require a response by Coach. To the extent that paragraph 77 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Complaint and, on that basis, denies all such allegations.

78. Paragraph 78 of the Complaint does not require a response by Coach. To the extent that paragraph 78 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint and, on that basis, denies all such allegations.

79. Paragraph 79 of the Complaint does not require a response by Coach. To the extent that paragraph 79 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Complaint and, on that basis, denies all such allegations.

80. Paragraph 80 of the Complaint does not require a response by Coach. To the extent that paragraph 80 is deemed to require a response, Coach is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Complaint and, on that basis, denies all such allegations.

81. Paragraph 81 of the Complaint fails to state a claim for willful infringement on which relief may be granted. To the extent that paragraph 81 is deemed to require a response and to the extent that the allegations in paragraph 81 of the Complaint are directed against Coach, Coach denies the allegations of paragraph 81 of the Complaint. Coach is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 81 (including those alleged as to any other party) and, on that basis, denies all such allegations.

82. To the extent that the allegations in paragraph 82 of the Complaint are directed against Coach, Coach denies the allegations of paragraph 82 of the Complaint. Coach is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 82 (including those alleged as to any other party) and, on that basis, denies all such allegations

## PRAYER FOR [ALLEGED] RELIEF

83.     Coach denies that Plaintiff is entitled to any relief from Coach and denies all of the allegations directed towards Coach contained in paragraphs "1." through "6." of Plaintiff's Prayer for Relief.  To the extent that the allegations in paragraphs "1." through "6." of Plaintiff's Prayer for Relief are directed against defendants other than Coach, Coach is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies all such allegations.

## DEMAND FOR JURY TRIAL

84.     Coach admits that the Complaint sets forth a request for trial by jury.

85.     To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Coach denies them.

## AFFIRMATIVE DEFENSES

Coach's Affirmative Defenses are listed below. Coach reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

1. Coach does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '474 Patent.

## SECOND DEFENSE

2. Each asserted claim of the '474 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

3. Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

## FOURTH DEFENSE

4. To the extent that Plaintiff and alleged predecessors in interest to the '474 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Coach's actions allegedly infringed the '474 Patent, Coach is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '474 Patent.

## FIFTH DEFENSE

5. To the extent that Plaintiff asserts that Coach indirectly infringes, either by contributory infringement or inducement of infringement, Coach is not liable to Plaintiff for the acts alleged to have been performed before Coach knew that its actions would cause indirect infringement.

## SIXTH DEFENSE

6. Plaintiff's attempted enforcement of the '474 Patent against Coach is barred by laches and estoppel.

## SEVENTH DEFENSE

7. The claims of the '474 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Coach.

## EIGHTH DEFENSE

8. The Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

### PARTIES

1. Counterclaim Plaintiff Coach, Inc. ("Coach") is a Maryland corporation, with its principal place of business in New York, New York.

2. On information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant GeoTag, Inc. is a Delaware Corporation, with its principal place of business located in Plano, Texas.

### JURISDICTION

3. This counterclaim arises under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq,*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400. Venue is further proper in the Marshall Division.

### COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

5. Based on Plaintiff's filing of this action and Coach's First Defense, an actual controversy has arisen and now exists between the parties as to whether Coach infringes the '474 Patent.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Coach requests a declaration by the Court that it does not infringe any claim of the '474 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

7. Based on Plaintiff's filing of this action and Coach's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '474 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and 35 U.S.C. § 100 *et seq.*, Coach requests a declaration by the Court that the claims of the '474 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Coach asks this Court to enter judgment in Coach favor and against Plaintiff GeoTag by granting the following relief:

a) a declaration that the asserted claims of the '474 Patent are invalid;

b) a declaration that Coach does not infringe, under any theory, any valid claim of the '474 Patent that may be enforceable;

c) a declaration that GeoTag take nothing by its Complaint;

d) judgment against GeoTag and in favor of Coach;

e) dismissal of the Complaint with prejudice;

f) an award to Coach of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Coach hereby demands trial by jury on all issues.

Dated: March 14, 2011                          Respectfully submitted,

                                                               **FISH & RICHARDSON P.C.**

                                                               */s/ Neil J. McNabnay*
                                                               Neil J. McNabnay
                                                               Texas Bar No. 24002583
                                                               mcnabnay@fr.com
                                                               Michael A. Bittner
                                                               Texas Bar No. 24064905
                                                               bittner@fr.com
                                                               1717 Main Street, Suite 5000
                                                               Dallas, TX 75201
                                                               (214) 747-5070 (Telephone)
                                                               (214) 747-2091 (Telecopy)

                                                               **ATTORNEYS FOR DEFENDANT**
                                                               **COACH, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 14, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                               */s/Neil J. McNabnay*
                                                               Neil J. McNabnay