IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:10-cv-00571 |
| | § | |
| GUCCI AMERICA, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**MACY'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Macy's Retail Holdings, Inc., sued erroneously herein as Macy's, Inc. ("Macy's") responds to Plaintiff Geotag, Inc.'s ("Geotag or Plaintiff") Complaint for Patent Infringement [DI 1] ("Complaint") as follows:

**PARTIES**

1-30. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1-30 of the Complaint, and therefore, denies the same.

31. In response to paragraph 31 of the Complaint, Macy's Inc. admits that it is a Delaware corporation with a principal place of business at 7 West Seventh Street, Cincinnati, Ohio 45202 and also has a corporate office in New York, New York. Macy's Retail Holdings, Inc. ("MRHI") is a New York corporation with a principal place of business at 7 West Seventh Street, Cincinnati, OH 45202.

32-44. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 32-44 of the Complaint, and therefore, denies the same.

477922.1

**JURISDICTION AND VENUE**

45. In response to paragraph 45 of the Complaint, Macy's admits that this action purports to arise from the patent laws of the United States, Title 35 of the United States Code. Macy's further admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and that it is subject to the jurisdiction of this Court for purposes of this action. Macy's denies the remainder of the allegations set forth in paragraph 45 of the Complaint. As to defendants other than Macy's, Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, and therefore, denies the same.

46. In response to paragraph 46 of the Complaint, Macy's admits that venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Macy's, Inc. denies that it is transacting business within the Eastern District of Texas. MRHI admits that it transacts business within the State of Texas. Macy's denies the remainder of the allegations set forth in paragraph 46 of the Complaint. As to defendants other than Macy's, Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, and therefore, denies the same.

47. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint, and therefore, denies the same.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,930,474**

48. In response to paragraph 48 of the Complaint, Macy's admits that on the face of United States Patent No. 5,930,474 ("the '474 patent") it states the title "Internet Organizer for Accessing Geographically and Topically Based Information," and states that it issued on July 29,

1999. Macy's is without information or knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph 48 of the Complaint, and therefore, denies the same.

49. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint, and therefore, denies the same.

50. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint, and therefore, denies the same.

51. Macy's denies each and every allegation contained in paragraph 51 of the Complaint. As to defendants other than Macy's, Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint, and therefore, denies the same.

52-68. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 52-68 of the Complaint, and therefore, denies the same.

69. Macy's denies each and every allegation contained in paragraph 69 of the Complaint.

70-80. Defendant Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 70-80, inclusive, of the Complaint and therefore denies the same.

81. To the extent paragraph 81 of the Complaint contains allegations against Macy's, Macy's denies each and every allegation therein. As to defendants other than Macy's, Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint, and therefore, denies the same.

82.     Macy's denies each and every allegation contained in paragraph 82 of the Complaint.  As to defendants other than Macy's, Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint, and therefore, denies the same.

## DEMAND FOR JURY TRIAL

Macy's also demands a trial by jury of any issues so triable by right pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

Macy's asserts the following affirmative defenses to the Complaint:

### First Affirmative Defense

83. Geotag has failed to state a claim against Macy's on which relief may be granted.

### Second Affirmative Defense

84. Geotag's claims are barred, in whole or in part, by the equitable doctrine of laches, unclean hands and/or waiver.

### Third Affirmative Defense

85. Macy's has not infringed, nor is it infringing any of the asserted claims of the '474 Patent either directly, indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents for reasons including, but not limited to, that Macy's does not use the accused system, and because multiple actors that are not under the direction and control of Macy's carry out the accused functionalities.

### Fourth Affirmative Defense

86. The asserted claims of the '474 Patent are invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fifth Affirmative Defense

87. Geotag's claims are barred, in whole or in part, by its failure to mark or otherwise provide notice of the '474 Patent.

### COUNTERCLAIMS

For its Counterclaims, Macy's Retail Holdings, Inc. sued erroneously herein as Macy's, Inc. ("Macy's") claims and alleges upon Plaintiff as follows:

1. Macy's incorporates by reference paragraphs 1 through 87 of its Answer and Affirmative Defenses.

2. These Counterclaims are asserted under Rule 13 of the Federal Rules of Civil Procedure, and also under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the subject matter of the Counterclaims pursuant to 28 U.S.C. §§ 1338(a) and 2201.  Venue is based on 28 U.S.C. §§ 1391 and 1400.

3. Macy's Retail Holdings, Inc. ("MRHI") is a New York corporation with a principal place of business at 7 West Seventh Street, Cincinnati, OH 45202.

4. Upon information and belief, Geotag, Inc. ("Geotag") is a Delaware Corporation with its principal place of business Plano, Texas.

5. In its Complaint, Geotag charges Macy's with infringement of the '474 Patent.

### COUNT I
### [Declaratory Judgment of Non-Infringement]

6. Macy's incorporates by reference, paragraphs 1 through 5 of its Counterclaims.

7. An actual controversy exists between Geotag and Macy's as to the alleged infringement of the '474 Patent.

8.    Macy's has not infringed, nor is it infringing, any of the asserted claims of the '474 Patent either directly, or indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents.

## COUNT II
### [Declaratory Judgment of Invalidity]

9.    Macy's incorporates by reference, paragraphs 1 through 5 of its Counterclaims.

10.   An actual controversy exists between Geotag and Macy's as to the validity of the '474 Patent.

11.   The asserted claims of the '474 Patent are invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## JURY DEMAND

Macy's demands a trial by jury on its Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Macy's respectfully requests that this Court enter:

a.    judgment that Geotag takes nothing by its Complaint and dismiss the same with prejudice;

b.    judgment that the asserted claims of the '474 Patent are invalid;

c.    judgment that Macy's has not infringed, nor are they infringing, either directly or indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents, any of the asserted claims of the '474 Patent;

d.    judgment in favor of Macy's that this is an exceptional case and awarding Macy's its reasonable attorneys fees pursuant to 35 U.S.C. § 285; and

e.    an award for any other and further relief as this Court may deem just and proper.

March 14, 2011                                      Respectfully submitted,

/s/ *Trey Yarbrough*
Trey Yarbrough
Bar No. 22133500
Debby E. Gunter
Bar No. 24012752
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX  75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com

Anthony F. Lo Cicero
Richard S. Mandaro
Benjamin Charkow
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY  10016
Telephone:  (212) 336-8000
Facsimile:  (212) 336-8001

**ATTORNEYS FOR DEFENDANT
MACY'S RETAIL HOLDINGS, INC. SUED
ERRONEOUSLY HEREIN AS MACY'S, INC.**

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 14th day of March, 2011.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/ *Trey Yarbrough*
Trey Yarbrough