**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG, INC.**<br><br>    **Plaintiff,**<br><br>v.<br><br>**GUCCI AMERICA, INC.,** *et al.*;<br><br>    **Defendants.** | C.A. No. 2:10-cv-00571-TJW<br><br>Judge T. John Ward<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT LESLIE'S POOLMART, INC. D/B/A LESLIE'S POOLMART D/B/A
LESLIE'S SWIMMING POOL SUPPLIES D/B/A LESLIE'S'
ANSWER, DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF GEOTAG, INC.'S COMPLAINT**

Defendant Leslie's Poolmart, Inc. D/B/A Leslie's Poolmart D/B/A Leslie's Swimming Pool Supplies D/B/A Leslie's ("Leslie's") hereby sets forth its Answer, Defenses, and Counterclaims to the Complaint for Patent Infringement of Plaintiff Geotag, Inc. ("Geotag"). Leslie's responds to the individually enumerated paragraphs of the Complaint as follows:

**PARTIES**

1.  Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and, therefore, denies them.

2.  Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and, therefore, denies them.

3.  Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and, therefore, denies them.

4.  Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and, therefore, denies them.

5. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and, therefore, denies them.

6. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and, therefore, denies them.

7. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and, therefore, denies them.

8. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and, therefore, denies them.

9. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and, therefore, denies them.

10. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and, therefore, denies them.

11. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and, therefore, denies them.

12. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and, therefore, denies them.

13. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and, therefore, denies them.

14. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and, therefore, denies them.

15. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and, therefore, denies them.

16. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and, therefore, denies them.

17. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and, therefore, denies them.

18. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and, therefore, denies them.

19. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and, therefore, denies them.

20. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and, therefore, denies them.

21. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and, therefore, denies them.

22. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and, therefore, denies them.

23. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and, therefore, denies them.

24. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and, therefore, denies them.

25. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and, therefore, denies them.

26. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and, therefore, denies them.

27. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and, therefore, denies them.

28. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and, therefore, denies them.

29. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and, therefore, denies them.

30. Admitted.

31. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and, therefore, denies them.

32. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and, therefore, denies them.

33. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and, therefore, denies them.

34. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and, therefore, denies them.

35. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and, therefore, denies them.

36. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and, therefore, denies them.

37. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and, therefore, denies them.

38. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and, therefore, denies them.

39.     Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and, therefore, denies them.

40.     Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and, therefore, denies them.

41.     Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and, therefore, denies them.

42.     Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and, therefore, denies them.

43.     Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and, therefore, denies them.

44.     Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and, therefore, denies them.

## JURISDICTION AND VENUE

45.     Leslie's admits that this Complaint purports to be an action arising under the patent laws of the United States, Title 35 of the United States Code and that this Court has subject matter jurisdiction over such matters pursuant to 28 U.S.C. §§ 1331 and 1338(a), however, Leslie's denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder.  Leslie's further denies that it has interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum.  Leslie's admits that it has done and solicited business from goods and services provided to persons or entities in Texas.  Leslie's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and, therefore, denies them.

46. To the extent that the allegations in Paragraph 46 are related to Leslie's, Leslie's admits that venue is proper in this district under 28 U.S.C. §§ 1391 (b) – (c) and 1400(b). Leslie's denies that it has committed acts of patent infringement in this district or any other judicial district. Further, Leslie's denies that it has interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district. Leslie's admits that it has done and solicited business from goods and services provided to persons or entities in this district. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 and, therefore, denies them.

47. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and, therefore, denies them.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

48. Leslie's admits that United States Patent No. 5,930,474 ("the '474 patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information." Leslie's further admits that the '474 patent indicates an issue date of July 29, 1999.

49. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and, therefore, denies them.

50. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and, therefore, denies them.

51. Leslie's denies that it has infringed the '474 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic

areas. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 and, therefore, denies them.

52. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and, therefore, denies them.

53. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and, therefore, denies them.

54. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and, therefore, denies them.

55. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and, therefore, denies them.

56. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and, therefore, denies them.

57. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and, therefore, denies them.

58. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and, therefore, denies them.

59. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and, therefore, denies them.

60. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and, therefore, denies them.

61. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and, therefore, denies them.

62. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and, therefore, denies them.

63. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63, and, therefore, denies them.

64. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64, and, therefore, denies them.

65. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, and, therefore, denies them.

66. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and, therefore, denies them.

67. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, and, therefore, denies them.

68. Leslie's denies that www.lesliespool.com, including the Store Locator, infringes the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas.  Leslie's denies the remaining allegations of paragraph 68.

69. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, and, therefore, denies them.

70. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70, and, therefore, denies them.

71. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, and, therefore, denies them.

72. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and, therefore, denies them.

73. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and, therefore, denies them.

74. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and, therefore, denies them.

75. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, and, therefore, denies them.

76. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and, therefore, denies them.

77. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77, and, therefore, denies them.

78. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78, and, therefore, denies them.

79. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and, therefore, denies them.

80. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and, therefore, denies them.

81. Leslie's denies that it is or has been willfully infringing the '474 patent. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81, and, therefore, denies them.

82. Leslie's denies that it has infringed the '474 patent, and denies that it has damaged Geotag. Leslie's denies that it is liable to Geotag for any amount, including a

reasonable royalty. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82, and, therefore, denies them.

## PRAYER FOR RELIEF

Leslie's denies that Geotag is entitled to the relief requested in Paragraphs 1 – 6 of Geotag's Prayer for Relief as those relate to Leslie's. Leslie's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Geotag's Prayer for Relief, and, therefore, denies them.

## GENERAL DENIAL

Except as expressly admitted herein, Leslie's denies each and every allegation contained in Geotag's Complaint.

## JURY DEMAND

Leslie's admits that Geotag demands a trial by jury on all issues so triable in this action pursuant to Fed. R. Civ. P. 38(b). Leslie's demands a trial by jury on all issues so triable.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its rights to assert additional defenses, Leslie's asserts the following defenses to Geotag's Complaint:

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

1.  Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (NONINFRINGEMENT)

2.  Leslie's does not infringe and has not infringed any valid and enforceable claim of the '474 patent literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

### THIRD DEFENSE
### (INVALIDITY)

3.  The claims of the patent-in-suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.  For example, the claims fail to satisfy the written description and enablement requirements because the claims recite several purportedly novel limitations that are not mentioned, much less described, in the patent's specification, and thus purport to appropriate subject matter for which there is no evidence of actual invention.

### FOURTH DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

4.  By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the patent-in-suit, Geotag is estopped from claiming infringement by Leslie's of one or more claims of the patent-in-suit.

## FIFTH DEFENSE
## (LIMITATION ON DAMAGES)

5. Any claim by Geotag for damages is limited under 35 U.S.C. §§ 286, 287, and/or 288. Geotag is barred under 35 U.S.C. § 286 from recovering damages for acts occurring more than six years prior to the date of the filing of the Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## SIXTH DEFENSE
## (EQUITY)

6. Geotag is barred in whole or in part under principles of equity, including, but not limited to, laches, prosecution laches, waiver, estoppel, and/or unclean hands.

## SEVENTH DEFENSE
## (NO EXCEPTIONAL CASE)

7. Geotag cannot prove that this is an exceptional case justifying award of attorney fees against Leslie's pursuant to 35 U.S.C. § 285.

## EIGHTH DEFENSE
## (ADEQUATE REMEDY AT LAW)

8. Geotag is not entitled to injunctive relief because any alleged injury to Geotag is not immediate or irreparable, since Geotag does not practice the '474 patent, and Geotag has an adequate remedy at law.

## NINTH DEFENSE
## (LACK OF STANDING)

9. Geotag does not have standing to bring an action for infringement of the '474 patent under the Patent Laws of the United States.

## RESERVATION OF RIGHTS

Leslie's reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Defendant/Counterclaimant Leslie's Poolmart, Inc. D/B/A Leslie's Poolmart D/B/A Leslie's Swimming Pool Supplies D/B/A Leslie's ("Leslie's") asserts counterclaims against Plaintiff/Counterdefendant Geotag, Inc. ("Geotag") as follows:

### Nature and Basis of Action

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. § 1 *et seq.* Leslie's requests declarations that: (i) it does not infringe any valid, enforceable claim of the '474 patent; and (ii) the '474 patent is invalid.

### The Parties, Jurisdiction, and Venue

2. Leslie's is a corporation organized and existing under the laws of Delaware, with a principal place of business at Phoenix, Arizona.

3. According to Plaintiff's Complaint, Geotag is a corporation organized and existing under the laws of Delaware with a place of business in Plano, Texas.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over Geotag pursuant to the laws of the State of Texas and the United States Constitution, including the Due Process Clause of the Fifth Amendment. On information and belief, Geotag has had substantial contacts with the State of Delaware relating to the '474 patent sufficient to confer specific jurisdiction. Further, by filing its Complaint, Geotag has consented to the personal jurisdiction of this Court.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400.

**Factual Allegations**

7. Geotag purports to be the owner by assignment of the '474 patent in its Complaint.

8. Geotag asserts that Leslie's has infringed one or more claims of the '474 patent in its Complaint.

9. Leslie's does not infringe and has not infringed any valid, enforceable claim of the '474 patent.

10. Upon information and belief, all claims of the '474 patent are invalid for failure to meet the requirements of the Patent Acts, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**COUNTERCLAIM I:**
**(DECLARATION OF NONINFRINGEMENT)**

11. Leslie's realleges and incorporates the averments of Paragraphs 1 through 10, inclusive, of its Counterclaims as if set forth herein in full.

12. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.* concerning Leslie's's non-infringement of the claims of the '474 patent.

13. Leslie's has not infringed and does not infringe any valid, enforceable claim of the '474 patent.

14. Leslie's is entitled to a judicial declaration that it has not infringed and does not infringe any valid, enforceable claim of the '474 patent.

## COUNTERCLAIM II:
## (DECLARATION OF INVALIDITY)

15. Leslie's realleges and incorporates the averments of Paragraphs 1 through 14, inclusive, of its Counterclaims as if set forth herein in full.

16. There is an actual and justiciable controversy between the parties concerning the invalidity of the '474 patent for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

17. The '474 patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

18. Leslie's is entitled to a judicial declaration and order that the '474 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Leslie's requests judgment in its favor and against Geotag as follows:

(i) Geotag recover nothing and its Complaint be dismissed with prejudice;

(ii) The Court deny any injunctive relief in favor of Geotag and against Leslie's;

(iii) The Court declare that Leslie's has not infringed and does not infringe any claim of the '474 Patent;

(iv) The Court declare and order that the '474 Patent is invalid;

(v) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Leslie's its reasonable attorneys' fees in this action;

(vi) All costs be taxed against Geotag; and

(vii) Leslie's be granted such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of March, 2011.

    */s/ Robert L. Lee*
Robert L. Lee (GA Bar No. 443978)
bob.lee@alston.com
Kamran Jivani (GA Bar No. 510908)
kamran.jivani @alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone:  (404) 881-7000
Fax:     (404) 881-7777

Jason W. Cook (TX Bar No. 24028537)
jason.cook@alston.com
Derek S. Neilson (TX Bar No. 24072255)
derek.neilson@alston.com
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 3601
Dallas, TX  75201
Phone:  (214) 922-3400
Fax:     (214) 922-3899

*Attorneys for Defendant Leslie's Poolmart, Inc. D/B/A Leslie's Poolmart D/B/A Leslie's Swimming Pool Supplies D/B/A Leslie's*

**Certificate of Service**

    The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A).

March 14, 2011

    */s/ Robert L. Lee*
    Robert L. Lee