**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| GEOTAG, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:10-cv-571-TJW-CE |
| | ) | |
| GUCCI AMERICA, INC., et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**TA OPERATING LLC'S ANSWER AND COUNTERCLAIMS**
**TO PLAINTIFF GEOTAG, INC.'S COMPLAINT**

TA Operating LLC ("TA") answers Plaintiff Geotag, Inc.'s ("Geotag") Complaint ("Complaint") as follows. In response to all paragraphs of the Complaint, TA denies each and every allegation except as expressly admitted herein. The numbered allegations of the Complaint are set forth below, followed by TA's answer.

**PARTIES**

1. Plaintiff GEOTAG, INC. ("GEOTAG" or "Plaintiff") is a Delaware Corporation with a place of business in Plano, Texas.

**Answer**: TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore those allegations are denied.

2.      On information and belief, Defendant GUCCI AMERICA, INC. ("GUCCI") has a place of business in New York, New York.

**<u>Answer</u>**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore those allegations are denied.

3.      On information and belief, Defendant BANANA REPUBLIC (APPAREL), INC. has a place of business in San Francisco, California.

**<u>Answer</u>**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore those allegations are denied.

4.      On information and belief, Defendant BANANA REPUBLIC (ITM), INC. has a place of business in San Francisco, California.

**<u>Answer</u>**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore those allegations are denied.

5.      On information and belief, Defendant BANANA REPUBLIC, LLC has a place of business in San Francisco, California. Hereinafter, BANANA REPUBLIC (APPAREL), INC., BANANA REPUBLIC (ITM), INC. and BANANA REPUBLIC, LLC are collectively referred to as "BANANA REPUBLIC."

**<u>Answer</u>**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and therefore those allegations are denied.

6.      On information and belief, Defendant BARNES & NOBLE, INC. has a place of business in Lyndhurst, New Jersey.

**<u>Answer</u>**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore those allegations are denied.

7.      On information and belief, Defendant BARNESANDNOBLE.COM, LLC has a place of business in San Francisco, California. Hereinafter, BARNES & NOBLE, INC. and BARNESANDNOBLE.COM, LLC are collectively referred to as "BARNES & NOBLE."

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore those allegations are denied.

8.      On information and belief, Defendant BASS PRO, INC. has a place of business in Springfield, Missouri.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and therefore those allegations are denied.

9.      On information and belief, Defendant BASS PRO SHOPS, INC. has a place of business in Springfield, Missouri.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore those allegations are denied.

10.      On information and belief, Defendant BPS DIRECT, LLC has a place of business in Springfield, Missouri.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore those allegations are denied.

11.     On information and belief, Defendant BASS PRO OUTDOORS ONLINE, LLC has a place of business in Springfield, Missouri. Hereinafter, BASS PRO, INC., BASS PRO SHOPS, INC., BPS DIRECT, LLC and BASS PRO OUTDOOR ONLINE, LLC are collectively referred to as "BASS PRO SHOPS."

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore those allegations are denied.

12.     On information and belief, Defendant BIG LOTS, INC. has a place of business in Columbus, Ohio.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore those allegations are denied.

13.     On information and belief, Defendant BIG LOTS STORES, INC. has a place of business in Columbus, Ohio. Hereinafter, BIG LOTS, INC. and BIG LOTS STORES, INC. are referred to collectively as "BIG LOTS."

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore those allegations are denied.

14.     On information and belief, Defendant BJ'S WHOLESALE CLUB, INC. ("BJ'S") has a place of business in Natick, Massachusetts.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore those allegations are denied.

15.     On information and belief, Defendant CABELA'S, INC. ("CABELA'S") has a place of business in Sidney, Nebraska.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore those allegations are denied.

16.     On information and belief, Defendant CHANEL, INC. has a place of business in New York, New York.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore those allegations are denied.

17.     On information and belief, Defendant CHANEL USA, INC. has a place of business in New York, New York.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore those allegations are denied.

18.     On information and belief, Defendant TRADEMARK SERVICES, LTD. has a place of business in New York, New York. Hereinafter, CHANEL, INC., CHANEL USA, INC. and TRADEMARK SERVICES, LTD. are collectively referred to as "CHANEL."

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore those allegations are denied.

19.     On information and belief, Defendant COACH, INC. ("COACH") has a place of business in New York, New York.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore those allegations are denied.

20.     On information and belief, Defendant COSTCO WHOLESALE CORP. ("COSTCO") has a place of business in Issaquah, Washington.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore those allegations are denied.

21.     On information and belief, Defendant DILLARD'S, INC. ("DILLARD'S") has a place of business in Little Rock, Arkansas.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and therefore those allegations are denied.

22.     On information and belief, Defendant GAP, INC. has a place of business in San Francisco, California.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore those allegations are denied.

23.     On information and belief, Defendant GAP (APPAREL) LLC has a place of business in San Francisco, California. Hereinafter, GAP, INC., GAP (APPAREL) LLC and BANANANA REPUBLIC are collectively referred to as "GAP."

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and therefore those allegations are denied.

24.     On information and belief, Defendant GEORGIO ARMANI CORP. D/B/A GEORGIO ARMANI D/B/A ARMANI ("GEORGIO ARMANI") has a place of business in New York, New York.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore those allegations are denied.

25.     On information and belief, Defendant GORDON JEWELRY CORP. D/B/A GORDON'S JEWELERS has a place of business in Irving, Texas.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and therefore those allegations are denied.

26.     On information and belief, Defendant ZALE CORP. D/B/A ZALE'S D/B/A ZALES JEWELERS D/B/A GORDON'S JEWELERS D/B/A PIERCING PAGODA has a place of business in Irving, Texas. Hereinafter, GORDON JEWELRY CORP. D/B/A GORDON'S JEWELERS and ZALE CORP. D/B/A ZALE'S D/B/A ZALES JEWELERS D/B/A GORDON'S JEWELERS D/B/A PIERCING PAGODA are collectively referred to as "ZALE."

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and therefore those allegations are denied.

27.     On information and belief, Defendant HERMAN MILLER, INC. ("HERMAN MILLER") has a place of business in Zeeland, Michigan.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and therefore those allegations are denied.

28.     On information and belief, Defendant HOBBY LOBBY STORES, INC. D/B/A HOBBY LOBBY CREATIVE CENTERS D/B/A HOBBY LOBBY ("HOBBY LOBBY") has a place of business in Oklahoma City, Oklahoma.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore those allegations are denied.

29.     On information and belief, Defendant LEO'S DANCEWEAR, INC. ("LEO'S DANCEWEAR") has a place of business in Chicago, Illinois.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore those allegations are denied.

30.     On information and belief, Defendant LESLIE'S POOLMART, INC. D/B/A
        LESLIE'S POOLMART D/B/A LESLIE'S SWIMMING POOL SUPPLIES
        D/B/A LESLIE'S ("LESLIE'S") has a place of business in Phoenix, Arizona.

    **Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 30 of the Complaint, and therefore those allegations are

denied.

31.     On information and belief, Defendant MACY'S, INC. ("MACY'S") has a place
        of business in New York, New York.

    **Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 31 of the Complaint, and therefore those allegations are

denied.

32.     On information and belief, Defendant NIKE, INC. ("NIKE") has a place of
        business in Beaverton, Oregon.

    **Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 32 of the Complaint, and therefore those allegations are

denied.

33.     On information and belief, Defendant PETCO ANIMAL SUPPLIES, INC.
        ("PETCO") has a place of business in San Diego, California.

    **Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 33 of the Complaint, and therefore those allegations are

denied.

34.     On information and belief, Defendant RALPH LAUREN MEDIA, LLC has a
        place of business in New York, New York.

    **Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 34 of the Complaint, and therefore those allegations are

denied.

35.     On information and belief, Defendant POLO RALPH LAUREN CORP. has a place of business in New York, New York. Hereinafter, RALPH LAUREN MEDIA, LLC and POLO RALPH LAUREN MEDIA, LLC are collectively referred to as "RALPH LAUREN."

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, and therefore those allegations are denied.

36.     On information and belief, Defendant ROSS STORES, INC. ("ROSS") has a place of business in Pleasanton, California.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, and therefore those allegations are denied.

37.     On information and belief, Defendant SKECHERS USA, INC. ("SKECHERS") has a place of business in Manhattan Beach, California.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and therefore those allegations are denied.

38.     On information and belief, Defendant THE SPORTS AUTHORITY, INC. ("SPORTS AUTHORITY") has a place of business in Englewood, Colorado.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint, and therefore those allegations are denied.

39.     On information and belief, Defendant STAPLES, INC. ("STAPLES") has a place of business in Framingham, Massachusetts.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint, and therefore those allegations are denied.

40.     On information and belief, Defendant TA OPERATING LLC D/B/A
        TRAVELCENTERS OF AMERICA ("TRAVELCENTERS") has a place of
        business in Westlake, Ohio.

**Answer**:  TA admits that TA Operating LLC ("TA") has a place of business in Westlake,

Ohio.

41.     On information and belief, Defendant TIFFANY & CO. D/B/A TIFFANY AND
        COMPANY ("TIFFANY") has a place of business in New York, New York.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 41 of the Complaint, and therefore those allegations are

denied.

42.     On information and belief, Defendant VERA WANG BRIDAL HOUSE, LTD.
        has a place of business in New York, New York.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 42 of the Complaint, and therefore those allegations are

denied.

43.     On information and belief, Defendant V.E.W., LTD. has a place of business in
        New York, New York. Hereinafter, VERA WANG BRIDAL HOUSE, LTD. and
        V.E.W., LTD. are collectively referred to as "VERA WANG."

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 43 of the Complaint, and therefore those allegations are

denied.

44.     On information and belief, Defendant WOOLRICH, INC. ("WOLRICH") has a
        place of business in Woolrich, Pennsylvania.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 44 of the Complaint, and therefore those allegations are

denied.

## JURISDICTION AND VENUE

45.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

**<u>Answer</u>**: TA admits that the Complaint purports to set forth an action for infringement of a United States patent.  TA admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).  To the extent that the allegations in paragraph 45 of the Complaint are directed to TA, TA admits, for purposes of this action only, that this Court has personal jurisdiction over TA.  To the extent that the allegations in paragraph 45 of the Complaint are directed to other defendants, TA is without knowledge or information sufficient to form a belief as to their truth, and therefore, those allegations are denied.  TA denies all other allegations in paragraph 45 of the Complaint.

46.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

**Answer**:  To the extent that the allegations in paragraph 46 of the Complaint are directed to TA, TA admits, for purposes of this action only, that this Court has personal jurisdiction over TA.  To the extent that the allegations in paragraph 46 of the Complaint are directed to other defendants, TA is without knowledge or information sufficient to form a belief as to their truth, and therefore, those allegations are denied.  Without admitting that this forum is convenient, TA admits, for purposes of this litigation only, that venue is proper with respect to TA.  TA denies all other allegations in paragraph 46 of the Complaint.

47.     Further, venue of this action is appropriate and convenient because this Court previously heard a parallel action for infringement of the same '474 patent in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.,* Civil Action No. 2:06-CV-00475-CE ("the Geomas Lawsuit"). In the Geomas Lawsuit this Court considered and construed the terms and claims of the '474 patent, as set forth in the Court's Memorandum Opinion and Order issued on November 20, 2008.

**Answer**:  TA admits that this Court previously heard an action for infringement of U.S. Patent No. 5,930,474 (the "'474 patent") in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.,* Civil Action No. 2:06-CV-00475-CE ("the Geomas Lawsuit").  TA further admits that in the Geomas Lawsuit this Court considered and construed the terms and claims of the '474 patent, as set forth in the Court's Memorandum Opinion and Order issued on November 20, 2008.  Without admitting that this forum is convenient, TA admits, for purposes

of this litigation only, that venue is proper with respect to TA.  TA denies all other allegations in

paragraph 47 of the Complaint.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

48.     United States Patent No. 5,930,474 (the "'474 patent"), entitled "Internet
        Organizer for Accessing Geographically and Topically Based Information," duly
        and legally issued on July 29, 1999.

**Answer**:  TA admits that the '474 patent is titled "Internet Organizer for Accessing

Geographically and Topically Based Information."  TA denies all other allegations in paragraph

48 of the Complaint.

49.     GEOTAG is the assignee of the '474 Patent and it has standing to bring this
        lawsuit for infringement of the '474 Patent.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 49 of the Complaint, and therefore those allegations are

denied.

50.     The claims of the '474 Patent cover, *inter alia,* systems and methods which
        comprise associating on-line information with geographic areas, such systems and
        methods comprising computers, an organizer, and a search engine configured to
        provide a geographical search area wherein at least one entry associated with a
        broader geographical area is dynamically replicated into at least one narrower
        geographical area, the search engine further configured to search topics within the
        selected geographical search area.

**Answer**:  Denied.

51.     On information and belief, all Defendants named herein have infringed the '474
        patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using,
        selling and/or offering for sale in the United States systems and methods which
        comprise associating on-line information with geographic areas and which are
        covered by one or more claims of the '474 patent.

**Answer**:  TA denies the allegations of paragraph 51 of the Complaint as they relate to

TA.  TA is without knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 51 of the Complaint as to other Defendants, and therefore those

allegations are denied.

> 52.     On information and belief, GUCCI has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Finder at www.gucci.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 52 of the Complaint, and therefore those allegations are

denied.

> 53.     On information and belief, BARNES & NOBLE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Find A Store/Find an Event at www.barnesandnoble.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 53 of the Complaint, and therefore those allegations are

denied.

> 54.     On information and belief, BASS PRO SHOPS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Finder at www.basspro.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 54 of the Complaint, and therefore those allegations are

denied.

> 55.     On information and belief, BIG LOTS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise

associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Find A Big Lots Store Near You at www.biglots.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint, and therefore those allegations are denied.

56.     On information and belief, BJ'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Finder at www.bjs.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint, and therefore those allegations are denied.

57.     On information and belief, CABELA'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Finder at www.cabelas.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint, and therefore those allegations are denied.

58.     On information and belief, CHANEL has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.chanel.com, including www.chanel.com/en_US.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 58 of the Complaint, and therefore those allegations are

denied.

59.     On information and belief, COACH has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.coach.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 59 of the Complaint, and therefore those allegations are

denied.

60.     On information and belief, COSTCO has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Find A Costco Warehouse at www.costco.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 60 of the Complaint, and therefore those allegations are

denied.

61.     On information and belief, DILLARD'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.dillards.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint, and therefore those allegations are denied.

62.     On information and belief, GAP has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.gap.com, www.bananarepublic.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint, and therefore those allegations are denied.

63.     On information and belief, GEORGIA ARMANI has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.armani.com and www.armanistores.com and www.emporioarmani.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint, and therefore those allegations are denied.

64.     On information and belief, GORDON'S has infringed the '474 patent in violation
of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or
offering for sale in the United States systems and methods which comprise
associating on-line information with geographic areas and which are covered by
one or more claims of the '474 patent. On information and belief, such systems
and methods comprise the Store Locator at www.gordonsjewelers.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 64 of the Complaint, and therefore those allegations are

denied.

65.     On information and belief, HERMAN MILLER has infringed the '474 patent in
violation of 35 U.S.C. § 271 through actions comprising the making, using,
selling and/or offering for sale in the United States systems and methods which
comprise associating on-line information with geographic areas and which are
covered by one or more claims of the '474 patent. On information and belief, such
systems and methods comprise the Global Dealer Locator at
www.hermanmiller.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 65 of the Complaint, and therefore those allegations are

denied.

66.     On information and belief, HOBBY LOBBY has infringed the '474 patent in
violation of 35 U.S.C. § 271 through actions comprising the making, using,
selling and/or offering for sale in the United States systems and methods which
comprise associating on-line information with geographic areas and which are
covered by one or more claims of the '474 patent. On information and belief, such
systems and methods comprise the Store Finder at www.hobbylobby.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 66 of the Complaint, and therefore those allegations are

denied.

67.     On information and belief, LEO'S DANCEWEAR has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Dealer Locator at www.leosdancewear.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint, and therefore those allegations are denied.

68.     On information and belief, LESLIE'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.lesliespool.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint, and therefore those allegations are denied.

69.     On information and belief, MACY'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.macys.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint, and therefore those allegations are denied.

70.     On information and belief, NIKE has infringed the '474 patent in violation of 35
        U.S.C. § 271 through actions comprising the making, using, selling and/or
        offering for sale in the United States systems and methods which comprise
        associating on-line information with geographic areas and which are covered by
        one or more claims of the '474 patent. On information and belief, such systems
        and methods comprise the Nike Store And Event Locator at www.nike.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 70 of the Complaint, and therefore those allegations are

denied.

71.     On information and belief, PETCO has infringed the '474 patent in violation of 35
        U.S.C. § 271 through actions comprising the making, using, selling and/or
        offering for sale in the United States systems and methods which comprise
        associating on-line information with geographic areas and which are covered by
        one or more claims of the '474 patent. On information and belief, such systems
        and methods comprise the Store Locator at www.petco.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 71 of the Complaint, and therefore those allegations are

denied.

72.     On information and belief, RALPH LAUREN has infringed the '474 patent in
        violation of 35 U.S.C. § 271 through actions comprising the making, using,
        selling and/or offering for sale in the United States systems and methods which
        comprise associating on-line information with geographic areas and which are
        covered by one or more claims of the '474 patent. On information and belief, such
        systems and methods comprise the Store Finder at www.ralphlauren.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 72 of the Complaint, and therefore those allegations are

denied.

73.     On information and belief, ROSS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.rossstores.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint, and therefore those allegations are denied.

74.     On information and belief, SKECHERS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.skechers.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Complaint, and therefore those allegations are denied.

75.     On information and belief, SPORTS AUTHORITY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.sportsauthority.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Complaint, and therefore those allegations are denied.

76.     On information and belief, STAPLES has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator and Check Availability at www.staples.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint, and therefore those allegations are denied.

77.     On information and belief, TRAVELCENTERS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Location Search and Advanced Location Search at www.tatravelcenters.com.

**Answer**:  Denied.

78.     On information and belief, TIFFANY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store and Event Finder at www.tiffany.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint, and therefore those allegations are denied.

79.   On information and belief, VERA WANG has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.verawang.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Complaint, and therefore those allegations are denied.

80.   On information and belief, WOOLRICH has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Retail Store Finder at www.woolrich.com.

**Answer**:  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Complaint, and therefore those allegations are denied.

81.   To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, GEOTAG reserves the right to request such a finding at time of trial.

**Answer**:  TA denies the allegations of paragraph 81 of the Complaint as they relate to TA.  TA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint as to other Defendants, and therefore those allegations are denied.

82.   As a result of Defendants' infringing conduct, Defendants have damaged GEOTAG. Defendants are liable to GEOTAG in an amount that adequately compensates GEOTAG for their infringement, which, by law, can be no less than a reasonable royalty.

**Answer**:  TA denies the allegations of paragraph 82 of the Complaint as they relate to TA.  TA is without knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 82 of the Complaint as to other Defendants, and therefore those

allegations are denied.

## PLAINTIFF'S PRAYER FOR RELIEF

TA denies that Plaintiff is entitled to any relief from TA and denies all the allegations

directed towards TA contained in Plaintiff's Prayer For Relief, paragraphs 1 through 6, and asks

the Court to deny any and all relief requested in Plaintiff's Prayer For Relief as to TA.

## GENERAL DENIAL

TA denies each and every allegation contained in the Complaint to which TA has not

specifically responded.

## AFFIRMATIVE DEFENSES

TA reserves the right to amend its Answer to add Affirmative Defenses to those listed

below, consistent with the facts discovered in the case.  Further answering the Complaint, TA

alleges as follows:

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      The claims of the '474 patent, in whole, or in part, are invalid under 35 U.S.C.

§§ 101, 102, 103, and/or 112.

3.      TA has not infringed and does not infringe directly, jointly, indirectly,

contributorily, and/or by inducement any valid and enforceable claim of the '474 patent, either

jointly, literally, under the doctrine of equivalents, or otherwise.

4.      TA has not willfully infringed any valid and enforceable claim of the '474 patent.

5.      Plaintiff's claims are barred, at least in part, pursuant to 35 U.S.C. § 286 for all

events occurring more than six years prior to the filing in this action.

6.      Plaintiff is prohibited from recovering damages for activities alleged to have occurred before Plaintiff gave TA actual notice of infringement.

7.      Plaintiff's claims are barred in whole or in part by the doctrine of laches, waiver, and/or estoppel.

8.      Geotag does not have standing to bring an action for infringement of the '474 patent.

9.      Plaintiff is not entitled to injunctive relief because any alleged injury to Geotag is not immediate or irreparable, Geotag has an adequate remedy at law, the balance of the hardships does not warrant a remedy in equity, and the public interest would not be served by a permanent injunction.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, TA Operating LLC ("TA") hereby asserts the following counterclaims against Geotag, Inc. ("Geotag"):

### THE PARTIES

1.      TA is a Delaware limited liability company with its principal place of business at 24601 Center Ridge Road, Suite 200, Westlake, Ohio 44145.

2.      On information and belief, Geotag is a Delaware Corporation with a place of business at 555 Republic Drive, Suite 200, Plano, Texas 75074.

### JURISDICTION AND VENUE

3.      These counterclaims arise under the Federal Declaratory Judgment Act and the patent laws of the United States, more particularly, under 28 U.S.C. § 2201 *et seq.* and 35 U.S.C § 100 *et seq*. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 2201-02. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

4.      Geotag alleges that it is the owner of all right, title, and interest in United States Patent No. 5,930,474 (the "'474 patent").

5.      By filing this Complaint, Plaintiff has consented to the personal jurisdiction of, and venue in, this Court.

6.      By virtue of Plaintiff having filed its Complaint in this action, an actual, justiciable controversy exists between TA and Plaintiff concerning the non-infringement, invalidity, and unenforceability of the '474 patent within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

### FIRST COUNTERCLAIM
#### (Declaratory Judgment of Patent Non-infringement)

7.      TA repeats and re-alleges the allegations contained in Counterclaim Paragraphs 1-6, above, as if fully set forth herein.

8.      TA has not and does not infringe, induce infringement, or contribute to the infringement of any valid and/or enforceable claim of the '474 patent, either literally or under the doctrine of equivalents.

9.      TA seeks a declaration from this Court that it has not and does not infringe any valid and/or enforceable claim of the '474 patent.

### SECOND COUNTERCLAIM
#### (Declaratory Judgment of Patent Invalidity)

10.     TA repeats and re-alleges the allegations contained in Counterclaim Paragraphs 1-9, above, as if fully set forth herein.

11.     The '474 patent is invalid for failure to meet one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

12.     TA seeks a declaration from this Court that all claims of the '474 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, TA respectfully prays for the following relief:

A.  The Court declare that Plaintiff take nothing by its Complaint in this action, and dismiss Plaintiff's Complaint with prejudice;

B.  The Court declare that TA has not and does not infringe, induce infringement, or contribute to the infringement of any valid and/or enforceable claim of the '474 patent, either literally or under the doctrine of equivalents.

C.  The Court declare that the claims of the '474 patent are invalid;

D.  The Court enter a permanent injunction restraining Plaintiff and its respective partners, employees, agents, and any other persons acting on its behalf or in concert with it from suing or threatening to sue for infringement of the '474 patent under any theory on the basis of the making, using, selling, offering for sale, or importing of any TA product or service;

E.  The Court declare this an exceptional case under 35 U.S.C. § 285;

F.  The Court award TA its reasonable attorneys' fees, costs, and all interest thereon (including without limitation any attorney fee awards based upon 35 U.S.C. § 285);

G.  The Court grant TA such other and further relief as it may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TA respectfully demands a trial by jury on all claims and defenses.

Respectfully submitted,

/s/ Alan M. Fisch

Date: March 14, 2011

Alan M. Fisch
District of Columbia Bar No. 453068
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
(202) 682-3500 telephone
(202) 682-3580 facsimile
Email: alan.fisch@kayescholer.com
*Attorney for TA Operating LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas, Marshall Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

*/s/ Alan M. Fisch*
Alan M. Fisch