IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **GEOTAG, INC.,** | § § | |
| *Plaintiff*, | § § § | Civil Action No. 2:10-CV-00571-TJW-CE |
| vs. | § § § | |
| **GUCCI AMERICA, INC.; et al.** | § § | Jury Trial Demanded |
| *Defendants*. | § § § § § § § | |

**ANSWER OF SKECHERS USA, INC. TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM**

Defendant Skechers USA, Inc. ("Skechers") responds to the Complaint of Plaintiff Geotag, Inc. ("Geotag" or "Plaintiff") as follows:

**SKECHERS' ANSWER TO PLAINTIFF'S COMPLAINT**

1. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the same.

2. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the same.

24. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the same.

26. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

27. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

28. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same.

29. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the same.

30. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same.

31. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

32. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

33. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

34. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the same.

35. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies the same.

36. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies the same.

37. Skechers admits the allegations in Paragraph 37.

38. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies the same.

39. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies the same.

40. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies the same.

41. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies the same.

42. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies the same.

43. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies the same.

44. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies the same.

45. Skechers admits that Plaintiff purports to allege an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-285, and Skechers admits that it maintains an interactive website. Skechers denies that the website is infringing. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 as they pertain to other defendants and therefore denies the same. Skechers does not concede that it is subject to personal jurisdiction in this Court.

46. Skechers admits that venue is technically proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), but does not concede that it is subject to personal jurisdiction in this Court. Skechers admits that it maintains an interactive website, but denies that the website is infringing. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 as they pertain to other defendants and therefore denies the same.

47. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies the same.

## COUNT I

## INFRINGEMENT OF US PATENT NO. 5,930,474

48. Skechers admits that the face of U.S. Patent No. 5,930,474 ("the '474 patent") indicates that the United States Patent and Trademark Office issued the '474 patent on July 29, 1999.

49. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies the same.

50. Skechers admits that the '474 patent sets forth certain claims, which claims speak for themselves.

51. Skechers denies the allegations in Paragraph 51 to the extent the relate to Skechers. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 as they relate to the other defendants, and therefore denies the same.

52. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies the same.

53. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies the same.

54. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies the same.

55. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies the same.

56. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies the same.

57. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies the same.

58. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies the same.

59. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies the same.

60. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies the same.

61. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies the same.

62. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies the same.

63. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies the same.

64. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies the same.

65. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies the same.

66. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies the same.

67. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies the same.

68. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies the same.

69. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies the same.

70. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies the same.

71. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies the same.

72. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies the same.

73. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies the same.

74. Skechers denies the allegations in Paragraph 74.

75. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies the same.

76. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies the same.

77. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies the same.

78. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies the same.

79. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies the same.

80. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies the same.

81. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies the same.

82. Skechers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies the same.

## JURY DEMAND

SKECHERS admits that the Plaintiff has requested a trial by jury.

## PRAYER FOR RELIEF

Skechers incorporates herein by reference its Answers to Paragraphs 1 through 82 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief or judgment against Skechers.

## AFFIRMATIVE DEFENSES

Skechers asserts the following affirmative defenses to the causes of action asserted in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. Skechers has not and does not infringe any valid and enforceable claim of the '474 patent, either literally or under the doctrine of equivalents.

3. The '474 patent, and each claim thereof, are invalid for failing to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

4. The '474 patent is unenforceable as a result of inequitable conduct committed by an individual or individuals associated with the filing and/or prosecution of the patent application relating thereto.

5. The '474 patent is unenforceable because Plaintiff has misused the '302 and '148 patents by attempting to enforce them despite knowing that they are invalid and unenforceable.

6. Plaintiff's claim for patent infringement is barred against Skechers under the doctrine of intervening rights.

7. Plaintiff's claim for patent infringement is barred against Skechers under the doctrine of prosecution history estoppel.

8. Plaintiff's claims are barred by waiver, laches and equitable estoppel.

9. Plaintiff's claim is barred, in whole or in part, under the doctrines of *res judicata*, collateral estoppel, and/or the Kessler Doctrine in light of the litigation styled *Leon Stambler v. RSA Security Inc.*, et al, Case No. 01-65-SLR in the United States District Court for the District of Delaware and other related findings and orders, including *Stambler v. RSA Sec., Inc.*, 123 Fed. Appx. 982 (Fed. Cir. 2005).

10. Plaintiff's claim is barred by the doctrine of unclean hands.
Plaintiff is estopped from asserting a construction of any claim of the '474 patent in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court of law.

11. Skechers reserves the right to add to or amend this list of Affirmative Defenses with additional defenses that discovery may yield.

## COUNTERCLAIMS

1. Skechers USA, Inc. is a corporation organized and existing under the laws of the State of Delaware.

2. Upon information and belief, Geotag, Inc. is a Delaware corporation with a place of business in Plano, Texas.

3. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4. Venue is technically proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400.

5. Plaintiff has asserted that Skechers infringes the '474 patent. An actual controversy exists between Skechers and Plaintiff over alleged infringement, invalidity and unenforceability of the '474 patent.

## FIRST COUNTERCLAIM – NONINFRINGEMENT OF THE '474 PATENT

6. Skechers incorporates and realleges Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

7. Skechers has not infringed and does not infringe any valid, enforceable claim of the '474 patent, either literally or under the doctrine of equivalents.

8. Skechers seeks a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '474 patent, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM – INVALIDITY OF THE '474 PATENT

9. Skechers incorporates and realleges Counterclaim Paragraphs 1 through 10 as though fully set forth herein.

10. The '474 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

11. Skechers therefore seeks a declaratory judgment that each claim of the '474 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

## PRAYER FOR RELIEF

Skechers respectfully requests that this Court enter judgment in its favor and grant the following relief:

   a. An order and judgment declaring that Skechers does not infringe any claim of the '474 patent;

   b. An order and judgment declaring that the claims of the '474 patent are invalid and/or unenforceable;

   c. Dismissal of the Complaint with prejudice;

   d. An order declaring this case exceptional and awarding Skechers its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

   e. Any other relief that the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

Skechers requests a trial by jury.

Dated:  March 17, 2011                           Respectfully submitted,

**GREENBERG TRAURIG, LLP**

  /s/ Dwayne L. Mason

**DWAYNE L. MASON**
Texas Bar No. 00787977
EMAIL: masondl@gtlaw.com
**MARY-OLGA LOVETT**
TEXAS BAR NO. 0078928
EMAIL: lovettm@gtlaw.com
**TARA M. WILLIAMS**
TEXAS BAR NO. 24043999
EMAIL: williamsta@gtlaw.com
GREENBERG TRAURIG, LLP
1000 Louisiana Street,
Suite 1700
Houston, Texas 77002
Tel: (713) 374-3500
Fax: (713) 374-3505

**SCOTT BORNSTEIN** (ADMITTED PRO HAC VICE)
GREENBERG TRAURIG, LLP
METLIFE BUILDING
200 PARK AVENUE, 34TH FLOOR
NEW YORK, NEW YORK 10166
TELEPHONE: (212) 801-9200
FACSIMILE: (212) 801-6400
EMAIL: bornsteins@gtlaw.com

*Attorneys for Defendant*
SKECHERS USA, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 17, 2011.  All other counsel of record will be served via facsimile or electronic mail pursuant to Local Rule CV-5(d).

  /s/ Tara M. Williams