## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| **GEOTAG, INC.,** | |
| **Plaintiff,** | C.A. No. 2:10-cv-00571-TJW |
| **v.** | Judge T. John Ward |
| **GUCCI AMERICA, INC.,** *et al.***,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### DEFENDANTS BARNES & NOBLE, INC. AND BARNESANDNOBLE.COM, LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF GEOTAG, INC.'S COMPLAINT

Defendants Barnes & Noble, Inc. and Barnesandnoble.com, LLC (collectively "Barnes & Noble") hereby set forth their Answer, Defenses, and Counterclaims to the Complaint for Patent Infringement of Plaintiff Geotag, Inc. ("Geotag"). Barnes & Noble responds to the individually enumerated paragraphs of the Complaint as follows:

### PARTIES

1. Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and, therefore, denies them.

2. Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and, therefore, denies them.

3. Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and, therefore, denies them.

4. Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and, therefore, denies them.

5.      Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and, therefore, denies them.

6.      Admitted.

7.      Denied.

8.      Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and, therefore, denies them.

9.      Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and, therefore, denies them.

10.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and, therefore, denies them.

11.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and, therefore, denies them.

12.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and, therefore, denies them.

13.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and, therefore, denies them.

14.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and, therefore, denies them.

15.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and, therefore, denies them.

16.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and, therefore, denies them.

17.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and, therefore, denies them.

18.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and, therefore, denies them.

19.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and, therefore, denies them.

20.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and, therefore, denies them.

21.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and, therefore, denies them.

22.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and, therefore, denies them.

23.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and, therefore, denies them.

24.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and, therefore, denies them.

25.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and, therefore, denies them.

26.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and, therefore, denies them.

27.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and, therefore, denies them.

28.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and, therefore, denies them.

29.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and, therefore, denies them.

30.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and, therefore, denies them.

31.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and, therefore, denies them.

32.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and, therefore, denies them.

33.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and, therefore, denies them.

34.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and, therefore, denies them.

35.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and, therefore, denies them.

36.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and, therefore, denies them.

37.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and, therefore, denies them.

38.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and, therefore, denies them.

39.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and, therefore, denies them.

40.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and, therefore, denies them.

41.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and, therefore, denies them.

42.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and, therefore, denies them.

43.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and, therefore, denies them.

44.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and, therefore, denies them.

## JURISDICTION AND VENUE

45.     Paragraph 45 states a legal conclusion to which no answer is required; to the extent an answer is called for, the allegation is denied.  Barnes & Noble denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder.  Barnes & Noble further denies that it has interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum.  Barnes & Noble admits that it has provided goods and services to persons or entities in Texas.  Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and, therefore, denies them.

46.     Paragraph 46 states a legal conclusion to which no answer is required; to the extent an answer is called for, the allegation is denied.  Barnes & Noble denies that it has

committed acts of patent infringement in this district or any other judicial district.  Further,

Barnes & Noble denies that it has interactive websites comprising infringing methods and

apparatuses which are at least used in and/or accessible in this district.  Barnes & Noble admits

that it has provided goods and services to persons or entities in this district.  Barnes & Noble is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 46 and, therefore, denies them.

     47.     Barnes & Noble denies that venue of this action is appropriate and convenient.

Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations of Paragraph 47, and, therefore, denies them.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

     48.     Barnes & Noble admits that United States Patent No. 5,930,474 ("the '474

patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based

Information."  Barnes & Noble further admits that the '474 patent indicates an issue date of July

29, 1999.  Barnes & Noble is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of paragraph 48, and, therefore, denies them.

     49.     Barnes & Noble is without knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 49, and, therefore, denies them.

     50.     Barnes & Noble is without knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 50, and, therefore, denies them.

     51.     Barnes & Noble denies that it has infringed the '474 patent pursuant to 35 U.S.C.

§ 271 through actions comprising the making, using, selling and/or offering for sale in the United

States systems and methods which comprise associating on-line information with geographic

areas.  Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 and, therefore, denies them.

52.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and, therefore, denies them.

53.     Barnes & Noble denies that www.barnesandnoble.com, including Find A Store/Find an Event, infringes the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas.  Barnes & Noble denies the remaining allegations of paragraph 53.

54.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and, therefore, denies them.

55.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and, therefore, denies them.

56.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and, therefore, denies them.

57.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and, therefore, denies them.

58.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and, therefore, denies them.

59.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and, therefore, denies them.

60.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and, therefore, denies them.

61.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and, therefore, denies them.

62.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and, therefore, denies them.

63.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63, and, therefore, denies them.

64.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64, and, therefore, denies them.

65.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, and, therefore, denies them.

66.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and, therefore, denies them.

67.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, and, therefore, denies them.

68.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, and, therefore, denies them.

69.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, and, therefore, denies them.

70.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70, and, therefore, denies them.

71.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, and, therefore, denies them.

72.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and, therefore, denies them.

73.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and, therefore, denies them.

74.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and, therefore, denies them.

75.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, and, therefore, denies them.

76.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and, therefore, denies them.

77.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77, and, therefore, denies them.

78.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78, and, therefore, denies them.

79.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and, therefore, denies them.

80.     Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and, therefore, denies them.

81.     Barnes & Noble denies that it is or has been willfully infringing the '474 patent. Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81, and, therefore, denies them.

82.     Barnes & Noble denies that it has infringed the '474 patent, and denies that it has damaged Geotag.  Barnes & Noble denies that it is liable to Geotag for any amount, including a

reasonable royalty.  Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82, and, therefore, denies them.

## PRAYER FOR RELIEF

Barnes & Noble denies that Geotag is entitled to the relief requested in Paragraphs 1 – 6 of Geotag's Prayer for Relief as those relate to Barnes & Noble.  Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Geotag's Prayer for Relief, and, therefore, denies them.

## GENERAL DENIAL

Except as expressly admitted herein, Barnes & Noble denies each and every allegation contained in Geotag's Complaint.

## JURY DEMAND

Barnes & Noble admits that Geotag demands a trial by jury on all issues so triable in this action pursuant to Fed. R. Civ. P. 38(b).  Barnes & Noble demands a trial by jury on all issues so triable.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its rights to assert additional defenses, Barnes & Noble asserts the following defenses to Geotag's Complaint:

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

1.       Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE
## (NONINFRINGEMENT)

2.       Barnes & Noble does not infringe and has not infringed any valid and enforceable claim of the '474 patent literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

## THIRD DEFENSE
## (INVALIDITY)

3.       The claims of the patent-in-suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.   For example, the claims fail to satisfy the written description and enablement requirements because the claims recite several purportedly novel limitations that are not mentioned, much less described, in the patent's specification, and thus purport to appropriate subject matter for which there is no evidence of actual invention.

## FOURTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

4.       By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the patent-in-suit, Geotag is

estopped from claiming infringement by Barnes & Noble of one or more claims of the patent-in-suit.

## FIFTH DEFENSE
## (LIMITATION ON DAMAGES)

5.      Any claim by Geotag for damages is limited under 35 U.S.C. §§ 286, 287, and/or 288.  Geotag is barred under 35 U.S.C. § 286 from recovering damages for acts occurring more than six years prior to the date of the filing of the Complaint.  Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## SIXTH DEFENSE
## (EQUITY)

6.      Geotag is barred in whole or in part under principles of equity, including, but not limited to, laches, prosecution laches, waiver, estoppel, and/or unclean hands.

## SEVENTH DEFENSE
## (NO EXCEPTIONAL CASE)

7.      Geotag cannot prove that this is an exceptional case justifying award of attorney fees against Barnes & Noble pursuant to 35 U.S.C. § 285.

## EIGHTH DEFENSE
## (ADEQUATE REMEDY AT LAW)

8.      Geotag is not entitled to injunctive relief because any alleged injury to Geotag is not immediate or irreparable, since Geotag does not practice the '474 patent, and Geotag has an adequate remedy at law.

## NINTH DEFENSE
## (LACK OF STANDING)

9.      Geotag does not have standing to bring an action for infringement of the '474 patent under the Patent Laws of the United States.

## RESERVATION OF RIGHTS

Barnes & Noble reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Defendants/Counterclaimants Barnes & Noble, Inc. and Barnesandnoble.com, LLC (collectively "Barnes & Noble") assert counterclaims against Plaintiff/Counterdefendant Geotag, Inc. ("Geotag") as follows:

### Nature and Basis of Action

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. § 1 *et seq.*  Barnes & Noble requests declarations that: (i) it does not infringe any valid, enforceable claim of the '474 patent; and (ii) the '474 patent is invalid.

### The Parties, Jurisdiction, and Venue

2.      Barnes & Noble, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at New York, New York.  Barnesandnoble.com, LLC is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at New York, New York.

3.      According to Plaintiff's Complaint, Geotag is a corporation organized and existing under the laws of Delaware with a place of business in Plano, Texas.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      This Court has personal jurisdiction over Geotag pursuant to the laws of the State of Texas and the United States Constitution, including the Due Process Clause of the Fifth

Amendment.  On information and belief, Geotag has had substantial contacts with the State of

Texas relating to the '474 patent sufficient to confer specific jurisdiction.  Further, by filing its

Complaint, Geotag has consented to the personal jurisdiction of this Court.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400.

**Factual Allegations**

7.      Geotag purports to be the owner by assignment of the '474 patent in its

Complaint.

8.      Geotag asserts that Barnes & Noble has infringed one or more claims of the '474

patent in its Complaint.

9.      Barnes & Noble does not infringe and has not infringed any valid, enforceable

claim of the '474 patent.

10.     Upon information and belief, all claims of the '474 patent are invalid for failure to

meet the requirements of the Patent Acts, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35

U.S.C. §§ 101, 102, 103, and 112.

**COUNTERCLAIM I:**
**(DECLARATION OF NONINFRINGEMENT)**

11.     Barnes & Noble realleges and incorporates the averments of Paragraphs 1 through

10, inclusive, of its Counterclaims as if set forth herein in full.

12.     There is an actual and justiciable controversy between the parties arising under

the Patent Act, 35 U.S.C. § 1 *et seq.* concerning Barnes & Noble's non-infringement of the

claims of the '474 patent.

13.     Barnes & Noble has not infringed and does not infringe any valid, enforceable

claim of the '474 patent.

- 14 -

14.     Barnes & Noble is entitled to a judicial declaration that it has not infringed and does not infringe any valid, enforceable claim of the '474 patent.

## COUNTERCLAIM II:
### (DECLARATION OF INVALIDITY)

15.     Barnes & Noble realleges and incorporates the averments of Paragraphs 1 through 14, inclusive, of its Counterclaims as if set forth herein in full.

16.     There is an actual and justiciable controversy between the parties concerning the invalidity of the '474 patent for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

17.     The '474 patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

18.     Barnes & Noble is entitled to a judicial declaration and order that the '474 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Barnes & Noble requests judgment in its favor and against Geotag as follows:

(i)     Geotag recover nothing and its Complaint be dismissed with prejudice;

(ii)    The Court deny any injunctive relief in favor of Geotag and against Barnes & Noble;

(iii)   The Court declare that Barnes & Noble has not infringed and does not infringe any claim of the '474 Patent;

(iv)    The Court declare and order that the '474 Patent is invalid;

(v)     The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Barnes & Noble its reasonable attorneys' fees in this action;

(vi)    All costs be taxed against Geotag; and

(vii)   Barnes & Noble be granted such other and further relief as the Court deems just
and proper.


Respectfully submitted this 18th day of March, 2011.


                              /s/ Robert L. Lee
                              Robert L. Lee (GA Bar No. 443978)
                              bob.lee@alston.com
                              Kamran Jivani (GA Bar No. 510908)
                              kamran.jivani @alston.com
                              ALSTON & BIRD LLP
                              One Atlantic Center
                              1201 West Peachtree Street
                              Atlanta, GA 30309-3424
                              Phone:  (404) 881-7000
                              Fax:      (404) 881-7777

                              Jason W. Cook (TX Bar No. 24028537)
                              jason.cook@alston.com
                              Derek S. Neilson (TX Bar No. 24072255)
                              derek.neilson@alston.com
                              ALSTON & BIRD LLP
                              2200 Ross Avenue, Suite 3601
                              Dallas, TX  75201
                              Phone:  (214) 922-3400
                              Fax:      (214) 922-3899

                              *Attorneys for Defendants Barnes & Noble, Inc. and
                              Barnesandnoble.com, LLC*


**Certificate of Service**

The undersigned hereby certifies that the foregoing document was filed electronically in
compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who
have consented to electronic service, Local Rule CV-5(a)(3)(A).

March 18, 2011

                              /s/ Robert L. Lee
                              Robert L. Lee