**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| GEOTAG, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GUCCI AM., INC., ET AL. <br><br> Defendants. | Case No. 2:10-CV-571-TJW-CE |

**COSTCO WHOLESALE COPORATION'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPAINT (#1)**

Defendant and Counterclaimant Costco Wholesale Corporation ("Costco"), by and through its undersigned counsel, responds to the Plaintiff's ("GeoTag") Original Complaint (#1) ("Original Complaint") as follows:

## THE PARTIES

1. – 19.   Costco lacks knowledge and information sufficient to form a belief about the truth of the allegations in each respective paragraph 1 – 19, and accordingly denies the same.

20.   Admitted.

21. – 44.   Costco lacks knowledge and information sufficient to form a belief about the truth of the allegations in each respective paragraph 21 - 44, and accordingly denies the same.

## JURISDICTION AND VENUE

45.   Costco admits that this Court has subject matter and personal jurisdiction over the plaintiff's purported claims for patent infringement against Costco, and also admits that the United States Patent Laws are codified in Title 35 of the United States Code.  Costco admits that it has an interactive website that is available for use within this forum, but denies all remaining allegations in paragraph 45 that are directed to Costco.  To the extent the allegations in paragraph 45 are directed at other defendants, Costco lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

46.   Costco admits that venue is proper in the Eastern District of Texas, but denies that the Eastern District of Texas is the most convenient forum for this action.  Moreover, Costco denies that GeoTag's infringement claims arise directly from Costco's business contacts in and other activities in the State of Texas and the Eastern District of Texas.  Costco admits that it has an interactive website that is available for use within this forum, but denies all remaining allegations in paragraph 46 that are directed to Costco.  To the extent the allegations in paragraph

46 are directed at other defendants, Costco lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

47. Costco admits that Judge Everingham previously construed certain claim terms in U.S. Patent No. 5,930,474 ("the '474 patent") in *Geomas (Int'l) Ltd. v. Idearc Media Services-West, Inc.*, No. 2:06-CV-475 (E. D. Tex. Nov. 20, 2008), but denies the remaining allegations in paragraph 47.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

48. Costco admits that the '474 patent indicates on its face that it is entitled "Internet Organizer for Accessing Geographically and Topically Based Information," but denies that the '474 patent was duly and legally issued on July 29, 1999. Costco lacks knowledge and information sufficient to form a belief about the truth of any remaining allegations in paragraph 48, and therefore denies the same.

49. Costco lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 49, and accordingly denies the same.

50. Costco denies the allegations in paragraph 50 because they state a legal conclusion that is premature given the absence of a claim construction order in this case.

51. Costco denies all portions of paragraph 51 that are directed at Costco. To the extent the allegations in paragraph 51 are directed at other defendants, Costco lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

52. – 59. Costco lacks knowledge and information sufficient to form a belief about the truth of the allegations in each respective paragraph 52 - 59, and accordingly denies the same.

60. Denied.

61. – 80.   Costco lacks knowledge and information sufficient to form a belief about the truth of the allegations in each respective paragraph 61 - 80, and accordingly denies the same.

81.   Costco denies all portions of paragraph 81 that are directed at Costco. To the extent the allegations in paragraph 81 are directed at other defendants, Costco lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

82.   Costco denies all portions of paragraph 82 that are directed at Costco. To the extent the allegations in paragraph 82 are directed at other defendants, Costco lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

## PRAYER FOR RELIEF

91.   Costco opposes the relief requested or any other relief GeoTag may request.

## DEMAND FOR JURY TRIAL

92.   Costco also demands a trial by jury on all issues so triable.

## DENIAL OF ANY REMAINING ALLEGATIONS

93.   Except as specifically admitted herein, Costco denies any remaining allegations in the plaintiff's Original Complaint that are directed at Costco.

## AFFIRMATIVE DEFENSES

Incorporating by reference the foregoing paragraphs in their entirety, Costco, as its Affirmative Defense to the Original Complaint of GeoTag, states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

94. GeoTag's claims for relief and each and every one of its allegations fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

95. Costco does not infringe and has not infringed any valid and enforceable claim of the '474 patent.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

96. The claims of the '474 patent are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

97. GeoTag's claims are barred, in whole or in part, by laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

98. GeoTag's claims are barred, in whole or in part, by waiver.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

99. GeoTag's claims are barred, in whole or in part, by estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

100. GeoTag's claims are limited by 35 U.S.C. § 286.

## EIGHT AFFIRMATIVE DEFENSE
### (Notice)

101. GeoTag's claims are limited by 35 U.S.C. § 287.

## RESERVATION OF AFFIRMATIVE DEFENSES

102.     Costco hereby reserves the right to supplement with additional affirmative defenses as discovery proceeds in this matter.

## COUNTERCLAIMS

Incorporating by reference the foregoing paragraphs in their entirety, Costco asserts the following counterclaims against GeoTag:

### PARTIES

1.     Counterclaim plaintiff is a Washington Corporation with a principal place of business in Issaquah, Washington.

2.     On information and belief based on the plaintiff's Original Complaint, Counterclaim Defendant, GeoTag, is a Delaware Corporation with a place of business in Plano, Texas.

### JURISDICTION

3.     These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act.  The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

### VENUE

4.     While Costco does not concede that venue is proper in this district with respect to the action brought by GeoTag, should that action remain in this district, venue on these counterclaims is proper in this district under 28 U.S.C. §§ 1391 and 1400 because GeoTag alleges that its place of business is located in this district.

### COUNT I – DECLARATION OF NONINFRINGEMENT

5. Based on GeoTag's filing of this action and Costco's Affirmative Defenses, an actual controversy has arisen and now exists between GeoTag and Costco as to whether Costco has infringed or is infringing U.S. Patent No. 5,930,474 ("the '474 patent").

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Costco requests the declaration of the Court that Costco does not infringe and has not infringed any valid and enforceable claim of the '474 patent.

## COUNT II – DECLARATION OF PATENT INVALIDITY

7. Based on GeoTag's filing of this action and Costco's Affirmative Defenses, an actual controversy has arisen and now exists between GeoTag and Costco as to the validity of the '474 patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Costco requests the declaration of the Court that the '474 patent is invalid.

## JURY DEMAND

9. Costco respectfully demands a trial by jury.

## PRAYER FOR RELIEF

Costco respectfully requests a judgment against GeoTag as follows:

  A. A declaration that Costco does not infringe and has not infringed any valid and enforceable claim of the '474 patent;

  B. A declaration that the '474 patent is invalid;

  C. That GeoTag take nothing by its Original Complaint;

  D. That the Court enter judgment against GeoTag and in favor of Costco and that GeoTag's Original Complaint be dismissed with prejudice;

  E. That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and enter a judgment awarding Costco its costs and reasonable attorneys' fees; and

  F. That the Court grant Costco whatever further relief the Court may deem just and proper.

Date: March 21, 2011       Respectfully submitted,

             /s/ Danny L. Williams
             Danny L. Williams
             Lead Counsel
             State Bar No. 21518050
             Terry D. Morgan
             State Bar No. 14452430
             Brian K. Buss
             State Bar No. 00798089
             Michael A. Benefield
             Texas State Bar No. 24073408
             Indiana State Bar No. 24560-49
             **WILLIAMS, MORGAN & AMERSON**
             10333 Richmond Avenue, Suite 1100
             Houston, Texas 77042
             Telephone: (713) 934-7000
             Fax: (713) 934-7011
             danny@wmalaw.com
             terry@wmalaw.com
             mbenefield@wmalaw.com

             **ATTORNEYS FOR DEFENDANT**
             **COSTCO WHOLESALE CORP.**

**CERTIFICATE OF SERVICE**

    I certify that counsel of record who are deemed to have consented to electronic service are being served on March 21, 2011, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

                                                      /s/Mark Dunglinson
                                                      Litigation Paralegal