**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVSION**

| | |
|---|---|
| **GEOTAG,INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.  2:10-cv-00571** |
| **GUCCI AMERICA, INC.;** | |
| **BANANA REPUBLIC (APPAREL), LLC;** | |
| **BANANA REPUBLIC (ITM), INC.;** | **(Jury Trial Demanded)** |
| **BANANA REPUBLIC, LLC;** | |
| **BARNES & NOBLE, INC.;** | |
| **BARNESANDNOBLE.COM, LLC;** | |
| **BASS PRO, INC.; BASS PRO SHOPS, INC.;** | |
| **BPS DIRECT, LLC;** | |
| **BASS PRO OUTDOORS ONLINE, LLC;** | |
| **BIG LOTS, INC.; BIG LOTS STORES, INC.;** | |
| **BJ'S WHOLESALE CLUB, INC.;** | |
| **CABELA'S, INC.;** | |
| **CHANEL, INC.; CHANEL USA, INC.;** | |
| **TRADEMARK SERVICES, LTD.;** | |
| **COACH, INC.;** | |
| **COSTCO WHOLESALE CORP.;** | |
| **DILLARD'S, INC.;** | |
| **GAP, INC.; GAP (APPAREL) LLC;** | |
| **GEORGIO ARMANI CORP. D/B/A/** | |
| **GEORGIO ARMANI D/B/A ARMANI;** | |
| **GORDON JEWELRY CORP. D/B/A** | |
| **GORDON'S JEWELERS;** | |
| **ZALE CORP. D/B/A ZALE'S D/B/A ZALES** | |
| **JEWELERS D/B/A GORDON'S JEWELERS** | |
| **D/B/A PIERCING PAGODA;** | |
| **HERMAN MILLER, INC.;** | |
| **HOBBY LOBBY STORES, INC. D/B/A** | |
| **HOBBY LOBBY CREATIVE CENTERS** | |
| **D/B/A HOBBY LOBBY;** | |
| **LEO'S DANCEWEAR, INC.;** | |
| **LESLIE'S POOLMART, INC. D/B/A** | |
| **LESLIE'S POOLMART D/B/A LESLIE'S** | |
| **SEIMMING POOL SUPPLIES D/B/A** | |
| **LESLIE'S;** | |
| **MACY'S INC.;** | |

**NIKE, INC.;**
**PETCO ANIMAL SUPPLIES, INC.;**
**RALPH LAUREN MEDIA, LLC;**
**POLO RALPH LAUREN CORP.;**
**ROSS STORES, INC.;**
**SKECHERS USA, INC.;**
**THE SPORTS AUTHORITY, INC.;**
**STAPLES, INC.;**
**TA OPERATING LLC D/B/A**
**TRAVELCENTERS OF AMERICA;**
**TIFFANY & CO. D/B/A TIFFANY AND**
**COMPANY;**
**VERA WANG BRIDAL HOUSE, LTD.;**
**V.E.W., LTD.; AND**
**WOOLRICH, INC.**

     **Defendants.**

## NIKE, INC.'S ANSWER AND COUNTERCLAIMS
## TO COMPLAINT FOR PATENT INFRINGEMENT

Nike, Inc. ("NIKE"), by and through its counsel, hereby answers the Complaint of

Plaintiff, Geotag, Inc., as follows:

## PARTIES

1.      Complaint:  Plaintiff GEOTAG, INC. ("GEOTAG" or "Plaintiff") is a Delaware
Corporation with a place of business in Plano, Texas.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.


2.      Complaint:  On information and belief, Defendant GUCCI AMERICA, INC.
("GUCCI") has a place of business in New York, New York.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

3.     Complaint:   On information and belief, Defendant BANANA REPUBLIC (APPAREL), INC. has a place of business in San Francisco, California.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

4.     Complaint:  On information and belief, Defendant BANANA REPUBLIC (ITM), INC. has a place of business in San Francisco, California.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

5.     Complaint:   On information and belief, Defendant BANANA REPUBLIC, LLC has a place of business in San Francisco, California.   Hereinafter, BANANA REPUBLIC (APPAREL), INC., BANANA REPUBLIC (ITM), INC. and BANANA REPUBLIC LLC are collectively referred to as "BANANA REPUBLIC."

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

6.     Complaint:  On information and belief, Defendant BARNES & NOBLE, INC. has a place of business in Lyndhurst, New Jersey.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

7.     Complaint:  On information and belief, Defendant BARNESANDNOBLE.COM, LLC has a place of business in San Francisco, California.   Hereinafter, BARNES & NOBLE, INC. and BARNESANDNOBLE.COM, LLC are collectively referred to as "BARNES & NOBLE."

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

8.      Complaint:  On information and belief, Defendant BASS PRO SHOPS, INC. has a place of business in Springfield, Missouri.

   **ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

9.      Complaint:  On information and belief, Defendant BASS PRO SHOPS, INC. has a place of business in Springfield, Missouri.

   **ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

10.      Complaint:  On information and belief, Defendant BPS DIRECT, LLC has a place of business in Springfield, Missouri.

   **ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

11.      Complaint:   On information and belief, Defendant BASS PRO OUTDOORS ONLINE, LLC has a place of business in Springfield, Missouri.  Hereinafter, BASS PRO, INC., BASS PRO SHOPS, INC., BPS DIRECT, LLC and BASS PRO OUTDOOR ONLINE, LLC are collectively referred to as "BASS PRO SHOPS."

   **ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

12.     Complaint:  On information and belief, Defendant BIG LOTS, INC. has a place of business in Columbus, Ohio.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

13.     Complaint:  On information and belief, Defendant BIG LOTS STORES, INC. has a place of business in Columbus, Ohio.  Hereinafter, BIG LOTS, INC. and BIG LOTS STORES, INC. are referred to collectively as "BIG LOTS."

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

14.     Complaint:  On information and belief, Defendant BJ'S WHOLESALE CLUB, INC. ("BJ'S") has a place of business in Natick, Massachusetts.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

15.     Complaint:     On information and belief, Defendant CABELA'S, INC. ("CABELA'S") has a place of business in Sidney, Nebraska.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

16.     Complaint:  On information and belief, Defendant CHANEL, INC. has a place of business in New York, New York.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

17.    Complaint:  On information and belief, Defendant CHANEL USA, INC. has a place of business in New York, New York.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

18.    Complaint:  On information and belief, Defendant TRADEMARK SERVICES, LTD. has a place of business in New York, New York,  Hereinafter, CHANEL, INC., CHANEL USA, INC. and TRADEMARK SERVICES, LTD. are collectively referred to as "CHANEL."

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

19.    Complaint:  On information and belief, Defendant COACH, INC. ("COACH") has a place of business in New York, New York.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

20.    Complaint:  On information and belief, Defendant COSTCO WHOLESALE CORP. ("COSTCO") has a place of business in Issaquah, Washington.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

21.    Complaint:  On information and belief, Defendant DILLARD'S, INC. ("DILLARD'S") has a place of business in Little Rock, Arkansas.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

22.  Complaint:  On information and belief, Defendant GAP, INC. has a place of business in San Francisco, California.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

23.  Complaint:  On information and belief, Defendant GAP (APPAREL) LLC has a place of business in San Francisco, California.  Hereinafter, GAP, INC., GAP (APPAREL) LLC and BANANANA REPUBLIC are collectively referred to as "GAP."

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

24.  On information and belief, Defendant GEORGIO ARMANI CORP. D/B/A GEORGIO ARMANI D/B/A ARMANI ("GEORGIO ARMANI") has a place of business in New York, New York.

**ANSWER**:

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

25.  Complaint:  On information and belief, Defendant GORDON JEWELRY CORP. D/B/A GORDON'S JEWELERS has a place of business in Irving, Texas.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

26.     Complaint:  On information and belief, Defendant ZALE CORP. D/B/A ZALE'S D/B/A ZALES JEWELERS D/B/A GORDON'S JEWELERS D/B/A PIERCING PAGODA has a place of business in Irving, Texas.   Hereinafter, GORDON JEWELRY CORP. D/B/A GORDON'S JEWELERS and ZALE CORP. D/B/A ZALE'S D/B/A ZALES JDWELERS D/B/A GORDON'S JEWELERS D/B/A PIERCING PAGODA are collectively referred to as "ZALE."

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

27.     Complaint:  On information and belief, Defendant HERMAN MILLER, INC. ("HERMAN MILLER") has a place of business in Zealand, Michigan.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

28.     Complaint:  On information and belief, Defendant HOBBY LOBBY STORES, INC. D/B/A HOBBY LOBBY CREATIVE CENTERS D/B/A HOBBY LOBBY ("HOBBY LOBBY") has a place of business in Oklahoma City, Oklahoma.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

29.     Complaint:  On information and belief, Defendant LEO'S DANCEWEAR, INC. ("LEO'S DANCEWEAR") has a place of business in Chicago, Illinois.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

30.   Complaint:  On information and belief, Defendant LESLIE'S POOLMART, INC. D/B/A LESLIE'S POOLMART D/B/A LESLIE'S SWIMMING POOL SUPPLIES D/B/A LESLIE'S ("LESLIE'S") has a place of business in Phoenix, Arizona.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

31.   Complaint:  On information and belief, Defendant MACY'S, INC. ("MACY'S") has a place of business in New York, New York.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

32.   Complaint:  On information and belief, Defendant NIKE, INC. ("NIKE") has a place of business in Beaverton, Oregon.

**ANSWER:**

Admitted.

33.   Complaint:  On information and belief, Defendant PETCO ANIMAL SUPPLIES, INC. ("PETCO") has a place of business in San Diego, California.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

34.   Complaint:  On information and belief, Defendant RALPH LAUREN MEDIA, LLC has a place of business in New York, New York.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

35.   Complaint:  On information and belief, Defendant POLO RALPH LAUREN CORP. has a place of business in New York, New York.  Hereinafter, RALPH LAUREN MEDIA, LLC and POLO RALPH LAUREN MEDIA, LLC are collectively referred to as "RALPH LAUREN."

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

36.   Complaint:   On information and belief, Defendant ROSS STORES, INC. ("ROSS") has a place of business in Pleasanton, California.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

37.   Complaint:   On information and belief, Defendant SKECHERS USA, INC. ("SKECHERS") has a place of business in Manhattan Beach, California.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

38.   Complaint:  On information and belief, Defendant THE SPORTS AUTHORITY, INC. ("SPORTS AUTHORITY") has a place of business in Englewood, Colorado.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

39.    Complaint:  On information and belief, Defendant STAPLES, INC. ("STAPLES") has a place of business in Framingham, Massachusetts.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

40.    Complaint:  On information and belief, Defendant TA OPERATING LLC D/B/A TRAVELCENTERS OF AMERICA ("TRAVELCENTERS") has a place of business in Westlake, Ohio.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

41.    Complaint:  On information and belief, Defendant TIFFANY & CO. D/B/A TIFFANY AND COMPANY ("TIFFANY") has a place of business in New York, New York.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

42.    Complaint:  On information and belief, Defendant VERA WANG BRIDAL HOUSE, LTD. has a place of business in New York, New York.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

43.    Complaint:  On information and belief, Defendant V.E.W., LTD. has a place of business in New York, New York.  Hereinafter, VERA WANG BRIDAL HOUSE, LTD. and V.E.W., LTD. are collectively referred to as "VERA WANG."

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

44.    Complaint:    On information and belief, Defendant WOOLRICH, INC. ("WOLRICH") has a place of business in Woolrich, Pennsylvania.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

## JURISDICATION AND VENUE

45.    Complaint:  This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein.  Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

**ANSWER:**

NIKE admits that the Complaint purports to state a claim arising under the patent laws of the United States, Title 35 of the United States Code, but denies that the Complaint states a valid claim.  NIKE admits that this Court has subject matter jurisdiction over disputes arising under the patent laws of the United States.  NIKE does not, for purposes of this action only, contest that this Court has personal jurisdiction over NIKE.  NIKE denies the remaining allegations of this paragraph.

46.     Complaint:  Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district.  On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein.  Further, on information and belief, defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

**ANSWER:**

NIKE denies that venue is convenient in this district with respect to NIKE but, for purposes of this action only, does not contest venue over NIKE in this district.  For purposes of this action only, NIKE does not contest that this Court has personal jurisdiction over NIKE.  NIKE denies the remaining allegations of this paragraph.

47.     Complaint:  Further, venue of this action is appropriate and convenient because this Court previously heard a parallel action for infringement of the same '474 patent in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.,* Civil Action No. 2:06-CV-00475-CE ("the Geomas Lawsuit").  In the Geomas Lawsuit this Court considered and construed the terms and claims of the '474 patent, as set forth in the Court's Memorandum Opinion and Order issued on November 20, 2008.

**ANSWER:**

NIKE denies that venue is convenient in this district with respect to NIKE but, for purposes of this action only, does not contest venue over NIKE in this district.  NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies such allegations.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

48.     Complaint:  United States Patent No. 5,930,474 (the "'474 patent"), entitled "Internet Organizer for Accessing Geographically and Topically Based Information," duly and legally issued on July 29, 1999.

**ANSWER:**

NIKE admits that United States Patent No. 5,930,474 (the "'474 patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information" and on its face states that it issued on July 29, 1999.  NIKE denies that the '474 patent was duly and legally issued.

49.     Complaint:  GEOTAG is the assignee of the '474 Patent and it has standing to bring this lawsuit for infringement of the '474 Patent.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

50.     Complaint:  The claims of the '474 Patent cover, *inter alia*, systems and methods which comprise associating on-line information with geographic areas, such systems and methods comprising computers, an organizer, and a search engine configured to provide a geographical search area wherein at least one entry associated with a broader geographical area is dynamically replicated into at least one narrower geographical area, the search engine further configured to search topics within the selected geographical search area.

**ANSWER:**

Because the claims of the '474 patent have not yet been construed in this case, NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

51.     Complaint:   On information and belief, all Defendants named herein have infringed the '474 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.

**ANSWER:**

To the extent the allegations in this paragraph are directed against NIKE, NIKE denies the allegations.  NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies such allegations.

52.   Complaint:  On information and belief, GUCCI has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Finder at www.gucci.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

53.   Complaint:  On information and belief, BARNES & NOBLE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Store/Find an Event at www.barnesandnoble.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

54.   Complaint:  On information and belief, BASS PRO SHOPS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Finder at www.basspro.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

55.     Complaint:  On information and belief, BIG LOTS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Big Lots Store Near You at www.biglots.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

56.     Complaint:  On information and belief, BJ'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Finder at www.bjs.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

57.     Complaint:  On information and belief, CABELA'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Finder at www.cabelas.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

58.    Complaint:  On information and belief, CHANEL has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.chanel.com, including www.chanel.com/en_US.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

59.    Complaint:  On information and belief, COACH has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.coach.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

60.    Complaint:  On information and belief, COSTCO has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Costco Warehouse at www.costco.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

61.    Complaint:  On information and belief, DILLARD'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line

information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.dillards.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

62.    Complaint:  On information and belief, GAP has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.gap.com, www.bananarepublic.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

63.    Complaint:  On information and belief, GEORGIA ARMANI has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.armani.com and www.armanistores.com and www.emporioarmani.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

64.    Complaint:  On information and belief, GORDON'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.gordonsjewelers.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

65.     Complaint:  On information and belief, HERMAN MILLER has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Global Dealer Locator at www.hermanmiller.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

66.     Complaint:  On information and belief, HOBBY LOBBY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Finder at www.hobbylobby.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

67.     Complaint:  On information and belief, LEO'S DANCEWEAR has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Dealer Locator at www.leosdancewear.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

68.     Complaint:  On information and belief, LESLIE'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line

information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.lesliespool.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

69.    Complaint:  On information and belief, MACY'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the'474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.macys.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

70.    Complaint:  On information and belief, NIKE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Nike Store And Event Locator at www.nike.com.

**ANSWER:**

Denied.

71.    Complaint:  On information and belief, PETCO has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.petco.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

72.    Complaint:  On information and belief, RALPH LAUREN has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the'474 patent.  On information and belief, such systems and methods comprise the Store Finder at www.ralphlauren.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

73.    Complaint:  On information and belief, ROSS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.rossstores.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

74.    Complaint:  On information and belief, SKECHERS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.skechers.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

75.    Complaint:  On information and belief, SPORTS AUTHORITY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.sportsauthority.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

76.     Complaint:  On information and belief, STAPLES has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator and Check Availability at www.staples.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

77.     Complaint:  On information and belief, TRAVELCENTERS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Location Search and Advanced Location Search at www.tatravelcenters.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

78.     Complaint:  On information and belief, TIFFANY  has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the'474 patent.  On information and belief, such systems and methods comprise the Store and Event Finder at www.tiffany.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

79.    Complaint:  On information and belief, VERA WANG has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.verawang.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

80.    Complaint:  On information and belief, WOOLRICH has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Retail Store Finder at www.woolrich.com.

**ANSWER:**

NIKE is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in this paragraph, and therefore denies such allegations.

81.    Complaint:  To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, GEOTAG reserves the right to request such a finding a time of trial.

**ANSWER:**

The allegations in this paragraph fail to state a claim for willful infringement on which

relief may be granted.  To the extent this paragraph is deemed to require a response and to the

extent the allegations are directed against NIKE, NIKE denies the allegations in this paragraph.

NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in this paragraph, and therefore denies such allegations.

82.    Complaint:  As a result of Defendants' infringing conduct, Defendants have damaged GEOTAG.  Defendants are liable to GEOTAG in an amount that adequately compensates GEOTAG for their infringement, which , by law, can be no less than a reasonable royalty.

**ANSWER:**

To the extent the allegations in this paragraph are directed against NIKE, NIKE denies the allegations in this paragraph.  NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies such allegations.

## PRAYER FOR RELIEF

83.     To the extent the grounds for relief enumerated in paragraphs 1-6 of Plaintiff's Prayer for Relief are directed against NIKE, NIKE denies that Plaintiff is entitled to any of the grounds for relief.  To the extent the grounds for relief enumerated in paragraphs 1-6 of Plaintiff's Prayer for Relief are directed against defendants other than NIKE, NIKE is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies such allegations.  NIKE denies every allegation in the Complaint that is not expressly admitted herein.

## DEMAND FOR JURY TRIAL

84.     NIKE admits that the Complaint sets forth a request for trial by jury.

85.     NIKE denies every allegation in the Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

NIKE's Affirmative Defenses are listed below.  NIKE reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

### First Affirmative Defense

NIKE has not and does not infringe any valid, enforceable claim of the '474 patent either directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

### Second Affirmative Defense

Each asserted claim of the '474 patent is invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. §§ 101, 102, 103, 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.

### Third Affirmative Defense

On information and belief, Plaintiff is not entitled to any damages for alleged infringement of the '474 patent prior to the date Plaintiff properly notified NIKE in accordance with 35 U.S.C. § 287.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part based on the prior art and/or the actions of applicant during prosecution of the patent applications relating to the '474 patent.

### Fifth Affirmative Defense

On information and belief, Plaintiff is barred in whole or in part from asserting the '474 patent against NIKE by laches and estoppel.

### Sixth Affirmative Defense

Plaintiff is not entitled to injunctive relief because any injury to it is not immediate and irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by non injunction.

**PRAYER FOR RELIEF**

WHEREFORE, NIKE prays for relief as follows:

(a)     That the Complaint be dismissed with prejudice;

(b)     That this Court enter judgment that NIKE has not infringed any claim of the '474
patent;

(c)     That this Court enter judgment that each asserted claim in the '474 patent is
invalid and/or unenforceable;

(d)     That Plaintiff be awarded no damages in view of the above-identified Affirmative
Defenses;

(e)     That this case be declared "exceptional" under 35 U.S.C. § 285 and that Plaintiff
be ordered to pay NIKE's reasonable attorneys fees; and

(f)     That this Court award NIKE such other and further relief as the Court deems
proper.

**COUNTERCLAIMS OF NIKE, INC.**

Pursuant to Federal Rule of Civil Procedure 13, NIKE Inc. ("NIKE") asserts the
following Counterclaims against Geotag, Inc. ("Geotag") and alleges as follows:

**PARTIES**

1.     Counterclaim Plaintiff NIKE, Inc. is a corporation organized under the laws of the
State of Oregon, having a principal place of business at One Bowerman Drive, Beaverton,
Oregon, 97005.

2.      Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Geotag, Inc. is a Delaware Corporation with a place of business in Plano, Texas.

## JURISDICTION AND VENUE

3.      These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, et seq., and under 28 U.S.C. § 2201.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b), and because Plaintiff filed its Complaint for Patent Infringement in this District.

## COUNT I
### (Declaration of Invalidity)

5.      NIKE realleges and incorporates by reference Paragraphs 1-4 of its Counterclaims as if fully set forth herein.

6.      The '474 patent is invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 102, 103, and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.

7.      Absent a declaration that the '474 patent is invalid, Geotag will continue to wrongfully assert the '474 patent against NIKE in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause NIKE irreparable injury and damage.

8.      By reason of the foregoing, there is an actual and justiciable controversy between NIKE on the one hand, and Geotag on the other, and NIKE is entitled to a declaration that the '474 patent is invalid.

9.      NIKE is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
### (Declaration of Non-Infringement)

10.     NIKE realleges and incorporates by reference Paragraphs 1-9 of its Counterclaims as if fully set forth herein.

11.     NIKE has not and does not infringe any valid claim of the '474 patent.

12.     Absent a declaration that NIKE does not infringe the '474 patent, Geotag will continue to wrongfully assert the '474 Patent against NIKE in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause NIKE irreparable injury and damage.

13.     By reason of the foregoing, there is an actual and justiciable controversy between NIKE on the one hand, and Geotag on the other, and NIKE is entitled to a declaration that NIKE has not and does not infringe, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '474 Patent, either literally or under the doctrine of equivalents.

14.     NIKE is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## NIKE INC.'S PRAYER FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, Counterclaim Plaintiff NIKE prays for judgment as follows:

(a)     A declaration that the '474 patent is invalid;

(b)     A declaration that NIKE has not committed any act of infringement of the '474 patent;

(c)     That Geotag, its agents and assigns be permanently enjoined from asserting the

         '474 patent against NIKE and its agents, customers, employees, successors, and

         assigns;

(d)     That, pursuant to 35 U.S.C. § 285, this is an exceptional case and accordingly

         NIKE be awarded its reasonable attorneys' fees in maintaining this action and

         defending against Plaintiff's Complaint for Patent Infringement; and

(f)     That the Court award NIKE such other and further relief as the Court deems

         proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the

United States Constitution, NIKE demands a trial by jury on all issues so triable


                                          Respectfully submitted,

Dated: March 21, 2011                     /s/ Thomas K. Pratt
                                          _____
                                          Christopher J. Renk
                                          IL Bar No. 6199012
                                          Thomas K. Pratt
                                          IL Bar No. 6209761
                                          Banner & Witcoff, LTD.
                                          10 S. Wacker Drive, Ste. 3000
                                          Chicago, IL 60606
                                          Tel:  (312) 463-5000
                                          Fax: (312) 463-5001

                                          *Attorneys for Defendant,*
                                          *NIKE, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via the Court's electronic delivery system this 21st day of March 2011.


/s/ Thomas K. Pratt