IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:10-CV-00571 |
| | § | |
| GUCCI AMERICA, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS GAP, INC.'S ANSWER, ADDITIONAL DEFENSES,
COUNTERCLAIMS AND JURY DEMAND**

Defendant Gap, Inc. ("Gap") responds to the Complaint for Patent Infringement ("Complaint") of Plaintiff Geotag, Inc. ("Geotag") as follows:

**RESPONSES TO ALLEGATIONS IN COMPLAINT**

1. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies those allegations.

2. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies those allegations.

3. Plaintiff has dismissed Banana Republic (Apparel), Inc. from the instant Complaint. Accordingly, the allegations contained in Paragraph 3 of the Complaint are moot.

4. Plaintiff has dismissed Banana Republic (ITM), Inc. from the instant Complaint. Accordingly, the allegations contained in Paragraph 4 of the Complaint are moot.

5. Gap admits that Banana Republic, LLC ("Banana Republic") has a place of business in San Francisco, CA.

6. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies those allegations.

7. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies those allegations.

8. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore denies those allegations.

9. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies those allegations.

10. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies those allegations.

11. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies those allegations.

12. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies those allegations.

13. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies those allegations.

14. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies those allegations.

15. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies those allegations.

16. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies those allegations.

17. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies those allegations.

18. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies those allegations.

19. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies those allegations.

20. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies those allegations.

21. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies those allegations.

22. Gap admits that it has a place of business in San Francisco, CA.

23. Plaintiff has dismissed Gap (Apparel) LLC from the instant Complaint. Accordingly, the allegations contained in Paragraph 23 of the Complaint are moot.

24. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies those allegations.

25. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies those allegations.

26. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies those allegations.

27. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore denies those allegations.

28. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies those allegations.

29. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies those allegations.

30. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies those allegations.

31. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies those allegations.

32. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies those allegations.

33. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies those allegations.

34. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies those allegations.

35. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies those allegations.

36. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies those allegations.

37. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore denies those allegations.

38. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies those allegations.

39. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies those allegations.

40. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies those allegations.

41. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies those allegations.

42. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies those allegations.

43. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies those allegations.

44. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies those allegations.

## JURISDICTION AND VENUE

45. Gap admits that www.gap.com and www.bananarepublic.gap.com are accessible in and may be used by residents in the Eastern District of Texas, but Gap denies that "Defendants have interactive websites constituting infringing methods and/or apparatuses." Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 45 of the Complaint as they pertain to other defendants, and therefore denies those allegations. Gap admits that Plaintiff has alleged patent infringement under the patent laws of the United States, Title 35 of the United States Code. The remaining allegations in paragraph 45 constitute conclusions of law to which no response of Gap is required; to the extent an answer is required, said allegations are denied.

46. Gap admits that www.gap.com and www.bananarepublic.gap.com are accessible in and may be used by residents in the Eastern District of Texas, but Gap denies that "Defendants have interactive websites constituting infringing methods and/or apparatuses." Gap is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 46 of the Complaint as they pertain to other defendants, and therefore denies those allegations. The remaining allegations in paragraph 46 constitute conclusions of law to which no response of Gap is required; to the extent an answer is required, said allegations are denied.

47. The allegations of paragraph 47 regarding venue constitute conclusions of law to which no response of Gap is required; to the extent an answer is required, said allegations are denied. Gap is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint and therefore denies those allegations.

### COUNT I (INFRINGEMENT OF U.S. PATENT NO. 5,930,474)

48. Gap admits that U.S. Patent No. 5,930,474 ("the '474 Patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information" and on its face indicates that it issued on July 29, 1999. Gap denies the remaining allegations of Paragraph 48 of the Complaint.

49. The allegations in paragraph 49 constitute conclusions of law to which no response of Gap is required; to the extent an answer is required, said allegations are denied.

50. The claims of the '474 Patent will be construed by this court and accordingly the allegations in paragraph 50 constitute conclusions of law to which no response of Gap is required; to the extent an answer is required, said allegations are denied.

51. Gap denies the allegations in Paragraph 51 of the Complaint as they relate to Gap and Banana Republic. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint as they relate to other Defendants and therefore denies those allegations.

52. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore denies those allegations.

53. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore denies those allegations.

54. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore denies those allegations.

55. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore denies those allegations.

56. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore denies those allegations.

57. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore denies those allegations.

58. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and therefore denies those allegations.

59. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies those allegations.

60. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore denies those allegations.

61. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and therefore denies those allegations.

62. Gap denies the allegations contained in paragraph 62 of the Complaint.

63. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore denies those allegations.

64. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore denies those allegations.

65. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore denies those allegations.

66. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and therefore denies those allegations.

67. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and therefore denies those allegations.

68. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and therefore denies those allegations.

69. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore denies those allegations.

70. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and therefore denies those allegations.

71. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and therefore denies those allegations.

72. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and therefore denies those allegations.

73. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and therefore denies those allegations.

74. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and therefore denies those allegations.

75. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore denies those allegations.

76. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and therefore denies those allegations.

77. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and therefore denies those allegations.

78. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and therefore denies those allegations.

79. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and therefore denies those allegations.

80. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and therefore denies those allegations.

81. Paragraph 81 of the Complaint fails to state a claim for willful infringement upon which relief may be granted. To the extent that any such allegations are directed against Gap, they are denied.

82. Gap denies the allegations in Paragraph 82 of the Complaint as they relate to Gap and Banana Republic. Gap is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint as they relate to other Defendants and therefore denies those allegations.

## **PRAYER FOR RELIEF**

The Prayer for Relief requires no response. To the extent that any response is required, Gap denies that the Plaintiff should be granted any of the relief it requests.

## ADDITIONAL DEFENSES

Gap asserts the following additional defenses to Plaintiff's claims for patent infringement. The assertion of an additional defense is not a concession that Gap has the burden of proving the matter asserted.

### FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

The '474 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD ADDITIONAL DEFENSE

Plaintiff's claims for damages for infringement of the '474 Patent are limited by the doctrines of laches, waiver and equitable estoppel.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claims for damages for infringement of the '474 Patent are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

### FIFTH ADDITIONAL DEFENSE

By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the patent-in-suit, Geotag is estopped from claiming infringement by Gap of one or more claims of the patent-in-suit.

### SIXTH ADDITIONAL DEFENSE

Geotag does not have standing to bring its claims of patent infringement.

Gap reserves the right to assert additional defenses which become apparent during discovery. For all of the above reasons, Gap prays that Plaintiff take nothing by its Complaint and that Gap be awarded such other and further relief to which it may be justly entitled.

## COUNTERCLAIMS

Gap, Inc. ("Gap") brings the following counterclaims against Geotag, Inc. ("Geotag") as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief. This Court has jurisdiction over the counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Gap requests declarations that: (i) it does not infringe any valid, enforceable claim of the '474 patent; and (ii) the '474 patent is invalid.

2. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

## PARTIES

3. Gap is incorporated in Delaware, with a principal place of business in San Francisco, CA.

4. On information and belief, Geotag is a corporation with a principal place of business in Plano, Texas. Geotag has substantial contacts in this judicial district, has submitted itself to the personal jurisdiction of this Court by filing an action for infringement of the '474 patent here, and has conceded that venue is proper here for the resolution of claims such as Gap's counterclaims.

## FIRST COUNTERCLAIM

5. Gap repeats and realleges each and every allegation contained in Paragraphs 1-4 of the Counterclaims as if fully set forth herein.

6. Geotag alleges ownership of the '474 Patent entitled "Internet Organizer for Accessing Geographically and Topically Based Information," and it has brought suit against Gap alleging infringement of the '474 Patent.

7. Gap has not and does not infringe the '474 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

8. An actual case or controversy exists between Gap and Geotag based on Geotag having filed a Complaint against Gap alleging infringement of the '474 Patent.

9. Gap has been injured and damaged by Geotag having filed a Complaint asserting a patent that is not infringed by Gap.

10. Declaratory relief is both appropriate and necessary to establish that Gap does not infringe the '474 Patent either directly or indirectly, literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

11. Gap repeats and realleges each and every allegation contained in Paragraphs 1-10 of the Counterclaims as if fully set forth herein.

12. Geotag alleges ownership of the '474 Patent entitled "Internet Organizer for Accessing Geographically and Topically Based Information," and it has brought suit against Gap alleging infringement of the '474 Patent.

13. Gap alleges on information and belief that one or more claims of the '474 Patent are invalid for failing to comply with one or more provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

14. An actual case or controversy exists between Gap and Geotag based on Geotag having filed a Complaint against Gap alleging infringement of the '474 Patent.

15. Gap has been injured and damaged by Geotag having filed a Complaint asserting patent infringement against Gap based on a patent that is invalid.

16. Declaratory relief is both appropriate and necessary to establish that the '474 Patent is invalid, and thus cannot be asserted against Gap.

## **PRAYER FOR RELIEF**

WHEREFORE, Gap requests judgment in its favor and against Geotag as follows:

(i) Geotag recover nothing and its Complaint be dismissed with prejudice;

(ii) The Court deny any injunctive relief in favor of Geotag and against Gap;

(iii) The Court declare and order that Gap has not infringed and does not infringe any claim of the '474 Patent, directly or indirectly;

(iv) The Court declare and order that the '474 Patent and all claims contained therein are invalid;

(v) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Gap its reasonable attorneys' fees and costs in this action; and

(vi) Gap be granted such other and further relief as the Court deems just and proper.

## JURY DEMAND

Gap demands a trial by jury on all claims, defenses and counterclaims so triable.

Dated: March 21, 2011

Respectfully submitted,

*/s/ Nicholas G. Papastavros*
Nicholas Papastavros
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6019
Facsimile: (617) 406-6119
nick.papastavros@dlapiper.com
Attorneys for Gap, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of March, 2011, a true and correct copy of the foregoing document was served upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF System per Local Rule CV-5(a)(3).  Any other counsel of record will be served by first class mail.

*/s/ Nicholas G. Papastavros*
Nicholas G. Papastavros