## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

GEOTAG, INC.,

     **Plaintiff,**

**v.**

                                   **Civil Action No. 2:10-CV-571-TJW**

**GUCCI AMERICA, INC.,  ET AL,**

     **Defendants.**                        **JURY TRIAL DEMANDED**

## WOOLRICH, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT

     Defendant Woolrich, Inc. ("Woolrich") hereby sets forth its Answer and Affirmative Defenses to Plaintiff Geotag, Inc.'s ("Plaintiff" or "Geotag") Complaint for Patent Infringement (the "Complaint"), as well as its Counterclaims against Geotag.

## ANSWER TO COMPLAINT

     Woolrich denies each and every allegation and characterization in Geotag's Complaint except as hereinafter specifically admitted, and further states as follows with regard to each numbered paragraph thereof:

## PARTIES

     1.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

     2.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies the same.

34.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of Plaintiff's Complaint and therefore denies the same.

39.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of Plaintiff's Complaint and therefore denies the same.

44.     With respect to the allegations contained in Paragraph 44 of Plaintiff's Complaint, Woolrich admits that it has a place of business in Woolrich, Pennsylvania.

## JURISDICTION AND VENUE

45.     Woolrich admits that Plaintiff's Complaint purports to bring an action arising under the patent laws of the United States and that this Court has subject matter jurisdiction.

Woolrich admits that it is subject to personal jurisdiction for purposes of this litigation only. Woolrich admits, solely for the purposes of defending this lawsuit, that it has transacted business in this district, but denies that it has committed and/or induced and/or contributed to acts of patent infringement in this district or elsewhere.  Woolrich admits, solely for the purposes of defending this lawsuit, that it has sold products and services in the United States and in the State of Texas, but denies that it has committed patent infringement in the State of Texas, the Eastern District of Texas, or elsewhere.  Woolrich denies that there is any legal or factual basis for Plaintiff's claims asserted against Woolrich and also denies that Plaintiff is entitled to any damages or relief from Woolrich.  Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint and therefore denies the same.

46.     Woolrich denies that the Eastern District of Texas is the most convenient venue for this litigation.  Woolrich admits that it is subject to personal jurisdiction for purposes of this litigation only.  Woolrich admits, solely for the purposes of defending this lawsuit, that it has transacted business in this district, but denies that it has committed and/or induced and/or contributed to acts of patent infringement in this district or elsewhere.  Woolrich admits, solely for the purposes of defending this lawsuit, that it has sold products and services in the United States and in the State of Texas, but denies that it has committed patent infringement in the State of Texas, the Eastern District of Texas, or elsewhere.  Woolrich denies that there is any legal or factual basis for Plaintiff's claims asserted against Woolrich and also denies that Plaintiff is entitled to any damages or relief from Woolrich.  Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint and therefore denies the same.

47.     Woolrich denies that the Eastern District of Texas is the most convenient venue for this litigation.  Upon information and belief, Woolrich admits that Case number 2:06-CV-475 in the Eastern District of Texas Marshall Division involved claims relating to United States Patent No. 5,930,474.  The Court's Memorandum Opinion and Order issued in that case on or about November 20, 2008 is a document that speaks for itself.  Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint and therefore denies the same.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

48.     Woolrich admits that United States Patent No. 5,930,474 ("the '474 Patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information," but denies the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint.  Upon information and belief, Woolrich denies that the '474 Patent was duly and/or legally issued.

49.     Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of Plaintiff's Complaint and therefore denies same.

50.     Woolrich denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     To the extent that Paragraph 51 of Plaintiff's Complaint may be construed to refer or relate to Woolrich, Woolrich denies all such allegations.  To the extent Paragraph 51 of Plaintiff's Complaint refers or relates to Defendants other than Woolrich, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of Plaintiff's Complaint and therefore denies same.

52.     Paragraph 52 does not require a response by Woolrich.   To the extent that Paragraph 52 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of Plaintiff's Complaint and therefore denies same.

53.     Paragraph 53 does not require a response by Woolrich.   To the extent that Paragraph 53 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of Plaintiff's Complaint and therefore denies same.

54.     Paragraph 54 does not require a response by Woolrich.   To the extent that Paragraph 54 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of Plaintiff's Complaint and therefore denies same.

55.     Paragraph 55 does not require a response by Woolrich.   To the extent that Paragraph 55 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of Plaintiff's Complaint and therefore denies same.

56.     Paragraph 56 does not require a response by Woolrich.   To the extent that Paragraph 56 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of Plaintiff's Complaint and therefore denies same.

57.     Paragraph 57 does not require a response by Woolrich.   To the extent that Paragraph 57 is deemed to require a response, Woolrich is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of Plaintiff's Complaint and therefore denies same.

58.     Paragraph 58 does not require a response by Woolrich.   To the extent that Paragraph 58 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of Plaintiff's Complaint and therefore denies same.

59.     Paragraph 59 does not require a response by Woolrich.   To the extent that Paragraph 59 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of Plaintiff's Complaint and therefore denies same.

60.     Paragraph 60 does not require a response by Woolrich.   To the extent that Paragraph 60 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of Plaintiff's Complaint and therefore denies same.

61.     Paragraph 61 does not require a response by Woolrich.   To the extent that Paragraph 61 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of Plaintiff's Complaint and therefore denies same.

62.     Paragraph 62 does not require a response by Woolrich.   To the extent that Paragraph 62 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of Plaintiff's Complaint and therefore denies same.

63.     Paragraph 63 does not require a response by Woolrich.  To the extent that Paragraph 63 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of Plaintiff's Complaint and therefore denies same.

64.     Paragraph 64 does not require a response by Woolrich.  To the extent that Paragraph 64 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of Plaintiff's Complaint and therefore denies same.

65.     Paragraph 65 does not require a response by Woolrich.  To the extent that Paragraph 65 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of Plaintiff's Complaint and therefore denies same.

66.     Paragraph 66 does not require a response by Woolrich.  To the extent that Paragraph 66 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of Plaintiff's Complaint and therefore denies same.

67.     Paragraph 67 does not require a response by Woolrich.  To the extent that Paragraph 67 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of Plaintiff's Complaint and therefore denies same.

68.     Paragraph 68 does not require a response by Woolrich.  To the extent that Paragraph 68 is deemed to require a response, Woolrich is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of Plaintiff's Complaint and therefore denies same.

69.     Paragraph 69 does not require a response by Woolrich.  To the extent that Paragraph 69 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 of Plaintiff's Complaint and therefore denies same.

70.     Paragraph 70 does not require a response by Woolrich.  To the extent that Paragraph 70 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of Plaintiff's Complaint and therefore denies same.

71.     Paragraph 71 does not require a response by Woolrich.  To the extent that Paragraph 71 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71 of Plaintiff's Complaint and therefore denies same.

72.     Paragraph 72 does not require a response by Woolrich.  To the extent that Paragraph 72 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 72 of Plaintiff's Complaint and therefore denies same.

73.     Paragraph 73 does not require a response by Woolrich.  To the extent that Paragraph 73 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of Plaintiff's Complaint and therefore denies same.

74.     Paragraph 74 does not require a response by Woolrich.   To the extent that Paragraph 74 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 of Plaintiff's Complaint and therefore denies same.

75.     Paragraph 75 does not require a response by Woolrich.   To the extent that Paragraph 75 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75 of Plaintiff's Complaint and therefore denies same.

76.     Paragraph 76 does not require a response by Woolrich.   To the extent that Paragraph 76 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 76 of Plaintiff's Complaint and therefore denies same.

77.     Paragraph 77 does not require a response by Woolrich.   To the extent that Paragraph 77 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 77 of Plaintiff's Complaint and therefore denies same.

78.     Paragraph 78 does not require a response by Woolrich.   To the extent that Paragraph 78 is deemed to require a response, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 of Plaintiff's Complaint and therefore denies same.

79.     Paragraph 79 does not require a response by Woolrich.   To the extent that Paragraph 79 is deemed to require a response, Woolrich is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 79 of Plaintiff's Complaint and therefore denies same.

80.     Woolrich denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     To the extent that Paragraph 81 of Plaintiff's Complaint may be construed to refer or relate to Woolrich, Woolrich denies all such allegations.  To the extent Paragraph 81 of Plaintiff's Complaint refers or relates to Defendants other than Woolrich, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 81 of Plaintiff's Complaint and therefore denies same.

82.     To the extent that Paragraph 82 of Plaintiff's Complaint may be construed to refer or relate to Woolrich, Woolrich denies all such allegations.  To the extent Paragraph 82 of Plaintiff's Complaint refers or relates to Defendants other than Woolrich, Woolrich is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 82 of Plaintiff's Complaint and therefore denies same.

## **PRAYER FOR RELIEF**

Woolrich denies that Plaintiff is entitled to any of the relief requested in its prayer for relief against Woolrich.  Woolrich requests that the Court deny the relief requested by Plaintiff in its "Prayer for Relief."  To the extent not expressly admitted above, Woolrich denies the factual allegations contained in the Complaint.

## **JURY DEMAND**

Plaintiff's request for a jury trial does not require a response by Woolrich.

## AFFIRMATIVE DEFENSES

Woolrich's Affirmative Defenses are listed below.  Woolrich reserves the right to amend its Answer to add additional Affirmative Defenses, including without limitation inequitable conduct defenses, consistent with the facts discovered in the case and/or as warranted by discovery or further investigation in this action.

## FIRST DEFENSE

### (Non Infringement)

1.      Woolrich does not and has not infringed any valid, enforceable, and properly-construed claim of the '474 patent, whether directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

2.      To the extent that Geotag asserts that Woolrich indirectly infringes, Woolrich is not liable to Geotag for the acts alleged to have been performed before Woolrich knew that its actions could cause alleged indirect infringement.

## SECOND DEFENSE

### (Invalidity)

3.      The '474 patent is invalid and void because the alleged inventions fail to satisfy one or more of the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq.*, including without limitation §§ 101, 102, 103 and/or 112 and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

### (Improper Joinder)

4.      Geotag's claims against Woolrich are improperly joined with those against the other Defendants to this action within the meaning of Rule 20 of the Federal Rules of Civil

Procedure because they do not (1) arise out of the same transaction, occurrence, or series of transactions or occurrences and (2) do not involve questions of law or fact common to all Defendants.   Some or all Defendants have been improperly joined in a single action and Woolrich objects to said joinder and reserves its right to a separate trial.

## FOURTH  DEFENSE

### (Laches and/or Estoppel)

5.      Plaintiff's claims are barred, in whole or in part, by equitable doctrines including laches, waiver, estoppel, and/or prosecution history estoppel.

## FIFTH  DEFENSE

6.      Any claim by Plaintiff for damages is limited and/or barred, in whole or in part, under 35 U.S.C. § 286 and/or 35 U.S.C. § 287.

## SIXTH DEFENSE

7.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

8.      Plaintiff is not entitled to any injunctive relief, has not and will not suffer irreparable harm, and has an adequate remedy at law.

## WOOLRICH'S COUNTERCLAIMS

For its counterclaims against Plaintiff, Geotag, Inc. ("Plaintiff" or "Geotag"), Defendant and Counterclaimant, Woolrich, Inc. ("Woolrich"), alleges and states:

## NATURE OF THE LAWSUIT

1.     This Counterclaim is an action for a declaration of patent non-infringement and patent invalidity arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*., and the patent laws of the United States, Title 35 of the United States Code.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338 and 2201-02.

3.     By virtue of the Complaint filed by Plaintiff in this action, there is an actual and justiciable controversy between Plaintiff and Woolrich concerning non-infringement and invalidity of United States Patent No. 5,930,474 ("the '474 Patent").  A judicial declaration is necessary and appropriate to resolve this controversy.

4.     Venue is proper in this judicial district because the declaratory relief sought is a compulsory counterclaim to claims filed by Plaintiff in this case and pursuant to 28 U.S.C. §§ 1367 and 1391.  Woolrich denies that the Eastern District of Texas is the most convenient venue for this litigation.

## COUNT I

### (Declaratory Judgment of Non-Infringement)

5.     Woolrich adopts and realleges each of the allegations contained in the paragraphs above as if fully set forth herein at this point.

6.     Woolrich does not and has not infringed, contributed to the infringement of, or induced infringement of any valid claim of the '474 Patent either directly or under the doctrine of equivalents.

## COUNT II

### (Declaratory Judgment of Invalidity)

7.     Woolrich adopts and realleges each of the allegations contained in the paragraphs above as if fully set forth herein at this point.

8.     One or more claims of the '474 Patent are invalid for failing to comply with one or more requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, *et seq*.

## RESERVATION OF RIGHTS

Woolrich reserves any and all rights to amend its Counterclaims against Geotag and to add additional claims as they become apparent and/or as may be warranted by discovery or further investigation regarding this action.

## JURY REQUEST

Woolrich requests a trial by jury on all issues so triable.

## COMBINED PRAYER FOR RELIEF

WHEREFORE, having fully responded to the allegations of Plaintiff's Complaint and having asserted its affirmative defenses and counterclaims, Defendant, Woolrich, respectfully prays that judgment be entered as follows:

(a)     that judgment be entered against Plaintiff with respect to all claims and causes asserted by Plaintiff against Woolrich in this action;

(b)     that Plaintiff's request for injunctive relief against Woolrich be denied;

(c)     that the Court make a judicial declaration and determination that whatever rights Plaintiff may have in the '474 Patent are not infringed by Woolrich;

(d)     that the Court make a judicial declaration and determination that the claims of the '474 Patent are invalid;

(e)     That the '474 Patent is unenforceable for laches and/or estoppel against Woolrich;

(f)     That this case be declared exceptional under 35 U.S.C. § 285; and

(g)     that judgment be entered awarding Woolrich its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285 and other applicable law and such other and further relief as the Court deems just, equitable and proper.


Dated:  March 23, 2011                  Respectfully submitted,

                                        **SIEBMAN, BURG, PHILLIPS & SMITH, L.L.P.**


                              By:    /s/ Clyde M. Siebman
                                     Clyde M. Siebman
                                     State Bar No.18341600
                                     300 N. Travis
                                     Sherman, Texas 75090
                                     Telephone: (903) 870-0070
                                     Facsimile: (903) 870-0066
                                     clydesiebman@siebman.com

                                     Michael C. Smith
                                     State Bar No. 18650410
                                     113 East Austin St.
                                     P.O. Box 1556
                                     Marshall, Texas 75671
                                     Telephone: (903) 938-8900
                                     Facsimile: (972) 767-4620
                                     michaelsmith@siebman.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this the 23rd day of March, 2011.   Any other counsel of record will be served by facsimile transmission and/or first class mail.

<u>/s/ Clyde M. Siebman</u>
Clyde M. Siebman