IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., | § | |
| | § | |
| Plaintiff, | § | C.A. No. 2:10-cv-00571-TJW |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| GUCCI AMERICA, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS BASS PRO, INC.'S, BPS DIRECT, L.L.C.'S, AND BASS PRO OUTDOORS ONLINE, L.L.C.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Bass Pro, Inc., BPS Direct, L.L.C., and Bass Pro Outdoors Online, L.L.C. (collectively "Bass Pro") hereby respond to the numbered paragraphs of Plaintiff GeoTag, Inc.'s ("GeoTag") Complaint for Patent Infringement ("Complaint"), filed on December 17, 2010 (D.E. 1), as follows:[1]

Each and every allegation of the Complaint not specifically admitted herein is denied and the headings below are merely provided for reference.

**INTRODUCTORY PARAGRAPH**

Bass Pro admits that GeoTag purports to make allegations against the above captioned defendants. To the extent the introductory paragraph of GeoTag's Complaint contains other factual averments as to Bass Pro, they are denied.

**PARTIES**

1. Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of GeoTag's Complaint and, therefore, denies same.

---

[1] The fourth named "Bass Pro defendant," Bass Pro Shops, Inc., is not a recognized Bass Pro entity.

2-7. The allegations in paragraphs 2-7 are not directed to Bass Pro. As a result, Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 2-7 of GeoTag's Complaint and, therefore, denies same. To the extent paragraphs 2-7 contains factual averments as to Bass Pro, they are denied.

8. Bass Pro admits that Bass Pro, Inc. is a corporation with a place of business in Springfield, Missouri.

9. Bass Pro denies that Bass Pro Shops, Inc. is a corporation with a place of business in Springfield, Missouri.

10. Bass Pro admits that BPS Direct, L.L.C. is a limited liability company with a place of business in Springfield, Missouri.

11. Bass Pro admits that Bass Pro Outdoors Online, L.L.C. is a limited liability company with a place of business in Springfield, Missouri.

12-44. The allegations in paragraphs 12-44 are not directed to Bass Pro. As a result, Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 12-44 of GeoTag's Complaint and, therefore, denies same. To the extent paragraphs 12-44 contains factual averments as to Bass Pro, they are denied.

## JURISDICTION AND VENUE

45. Bass Pro admits that this action purports to arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. Paragraph 45 further contains allegations of subject matter jurisdiction and personal jurisdiction, for which no response is required. Bass Pro denies that Bass Pro, Inc. conducts business in the State of Texas. Bass Pro denies that Bass Pro Shops, Inc. conducts business in the State of Texas. Bass Pro admits that BPS Direct, L.L.C. conducts business in the State of Texas by operation of the web site www.basspro.com. Bass Pro denies that Bass Pro Outdoors Online, L.L.C. conducts business in the State of Texas, however, Bass

Pro Outdoors Online, L.L.C. formerly operated the web site www.basspro.com. Bass Pro denies any alleged infringement in this or any other forum. Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 45 of GeoTag's Complaint and, therefore, denies same.

46.     Paragraph 46 contains allegations of venue and personal jurisdiction for which no response is required. Bass Pro denies that Bass Pro Shops, Inc. conducts business in the State of Texas. Bass Pro admits that BPS Direct, L.L.C. conducts business in the State of Texas by operation of the web site www.basspro.com. Bass Pro denies that Bass Pro Outdoors Online, L.L.C. conducts business in the State of Texas, however, Bass Pro Outdoors Online, L.L.C. formerly operated the web site www.basspro.com. Bass Pro denies any alleged infringement in this or any other forum. Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 46 of GeoTag's Complaint and, therefore, denies same.

47.     Paragraph 47 contains allegations of venue for which no response is required. To the extent there are other averments, Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 47 of GeoTag's Complaint and, therefore, denies same.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

48.     Bass Pro admits that the face of United States Patent No. 5,930,474 ("the '474 patent") indicates the '474 patent is entitled "Internet Organizer for Accessing Geographically and Topically Based Information." Bass Pro admits that the face of the '474 patent shows an issue date of July 29, 1999. Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 48 of GeoTag's Complaint and,

therefore, denies same. To the extent paragraph 48 contains factual averments as to Bass Pro, they are denied.

49. Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 49 of GeoTag's Complaint and, therefore, denies same.

50. Bass Pro denies the averments in paragraph 50 of GeoTag's Complaint because they purport to summarize the disclosure and claims of the '474 patent. Bass Pro submits that the '474 patent is the best evidence of its disclosure and claims. To the extent paragraph 50 contains other factual averments as to Bass Pro, they are denied.

51. Bass Pro denies it has infringed any valid claim of the '474 patent. Bass Pro is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in paragraph 51 of GeoTag's Complaint and, therefore, denies same.

52-53. The allegations in paragraphs 52-53 are not directed to Bass Pro. As a result, Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 52-53 of GeoTag's Complaint and, therefore, denies same. To the extent paragraphs 52-53 contains factual averments as to Bass Pro, they are denied.

54. Bass Pro denies the factual averments of paragraph 54 of GeoTag's Complaint.

55-82. The allegations in paragraphs 55-82 are not directed to Bass Pro. As a result, Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 55-82 of GeoTag's Complaint and, therefore, denies same. To the extent paragraphs 55-82 contains factual averments as to Bass Pro, they are denied.

## PRAYER FOR RELIEF

The prayer for relief requires no response.

## JURY TRIAL

Bass Pro demands a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

Bass Pro alleges and asserts the following affirmative defenses in response to the allegations of the Complaint:

**FIRST AFFIRMATIVE DEFENSE – LACK OF PERSONAL JURISDICTION**

1. Bass Pro, Inc. does not conduct business in the State of Texas and, as a result, this Court does not have personal jurisdiction over Bass Pro, Inc.

**SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT**

2. Bass Pro has not infringed and does not infringe either directly, contributorily, or by inducement any valid claim of the '474 patent either literally or under the doctrine of equivalents. By asserting this defense, Bass Pro does not assume any burden of proof.

**THIRD AFFIRMATIVE DEFENSE – INVALIDITY**

3. One or more claims of the '474 patent are invalid for failing to comply with the requirements of 35 U.S.C. § 1 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE – WAIVER AND LACHES**

4. To the extent GeoTag unreasonably delayed filing suit, GeoTag's claims are barred, in whole or in part, by the equitable doctrines of laches and/or waiver.

**FIFTH AFFIRMATIVE DEFENSE – TIME LIMITATION ON DAMAGES**

5. GeoTag's claims for relief and prayer for damages are limited by 35 U.S.C. § 286, which prohibits recovery for any infringement committed more than six years before the filing of the complaint.

**SIXTH AFFIRMATIVE DEFENSE – ATTORNEY FEES UNAVAILABLE**

6. On information and belief, GeoTag cannot prove that this is an exceptional case and is therefore precluded from seeking recovery of its attorney fees under the provisions of 35 U.S.C. § 285.

### SEVENTH AFFIRMATIVE DEFENSE – COSTS UNAVAILABLE

7. On information and belief, GeoTag is barred by 35 U.S.C. § 288 from recovering costs associated with this action. By asserting this defense, Bass Pro does not assume any burden of proof.

### EIGHTH AFFIRMATIVE DEFENSE – INJUNCTIVE RELIEF UNAVAILABLE

8. On information and belief, claims by GeoTag for injunctive relief are barred as a matter of law because GeoTag has an adequate remedy at law for any claims included in this Complaint on which GeoTag ultimately may prevail.

### NINTH AFFIRMATIVE DEFENSE – MISCELLANEOUS

9. Bass Pro has insufficient knowledge or information at this time on which to form a belief as to whether it may have additional affirmative defenses available. Therefore, Bass Pro reserves the right to assert any other defenses that discovery may reveal, including, without limitation, any affirmative defense asserted by any other defendant in this case.

### PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Bass Pro respectfully requests judgment and relief as follows:

(a) GeoTag's Complaint be dismissed with prejudice;

(b) This Court deny, in its entirety, the relief sought by GeoTag's Complaint and Prayer for Relief including, but not limited to, alleged damages, costs, attorneys' fees and injunctive relief;

(c) This Court adjudge claims of the '474 patent invalid;

(d) This Court adjudge that the claims of the '474 patent are not infringed, directly or indirectly, by Bass Pro;

(e) This Court adjudge that Bass Pro has not willfully infringed any claim of the '474 patent.

(f) This Court declare this case to be exceptional and award Bass Pro its reasonable attorney's fees, expenses, and costs in this action; and

(g) This Court grant such other and further relief as the Court may appear proper.

## COUNTERCLAIMS OF BPS DIRECT, L.L.C.

1. BPS Direct, L.L.C. ("BPS Direct") hereby refers to and incorporates by reference as if fully set forth herein each answer and additional defense stated above.

2. Jurisdiction of these counterclaims is based upon the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C §§ 1331, 1337(a), and 1338, as well as Rule 13 of the Federal Rules of Civil Procedure.

3. These counterclaims arise under the patent laws of the United States, 35 U.S.C § 1 *et seq.* and 28 U.S.C. § 2201 *et seq.*

4. Plaintiff GeoTag, Inc. ("GeoTag") has submitted to the personal jurisdiction of this Court by filing an action for patent infringement.

5. By GeoTag's filing of its Complaint alleging patent infringement against Bass Pro, an actual controversy exists between GeoTag and BPS Direct regarding the infringement and validity of U.S. Patent No. 5,930,474 (the "'474 patent") thereby vesting this Court with subject matter jurisdiction over these Counterclaims.

6. Venue is proper in this district.

## COUNTERCLAIM COUNT 1: DECLARATORY JUDGMENT OF INVALIDITY OF THE '474 PATENT

7.    BPS Direct incorporates by reference the allegations in Paragraphs 1-6 of the Counterclaim and all preceding allegations in the Answer as if fully set forth herein.

8.    One or more claims of the '474 patent are invalid for failing to comply with the requirements of 35 U.S.C. § 1 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

## COUNTERCLAIM COUNT 2: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '474 PATENT

9.    BPS Direct incorporates by reference the allegations in Paragraphs 1-6 of the Counterclaim and all preceding allegations in the Answer as if fully set forth herein.

10.    BPS Direct has not infringed and does not infringe either directly, contributorily, or by inducement any valid claim of the '474 patent either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF FOR COUNTERCLAIMS

BPS Direct prays that the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that:

(a)   The claims of the '474 patent are invalid;

(b)   BPS Direct has not infringed any valid claim or claims of the '474 patent;

(c)   BPS Direct has not contributed to the infringement of any valid claim of the '474 patent;

(d)   BPS Direct has not induced infringement of any valid claim of the '474 patent;

(e)   The relief sought by GeoTag's Complaint and Prayer for Relief be denied;

(f)   This case is exceptional and award BPS Direct its reasonable attorneys' fees, expenses, and costs in this action; and

  (g) This Court grant BPS Direct such other and further relief that this Court deems just and proper.

**JURY DEMAND**

BPS Direct demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38, with respect to its Counterclaim.

Dated: March 28, 2011             Respectfully submitted,

                     By: */s/ Jeffrey L. Johnson*
                        Jeffrey L. Johnson
                        State Bar No. 24029638
                        909 Fannin, Suite 2000
                        Houston, TX 77010
                        713.276.7600 – Telephone
                        713.276.7673 – Facsimile
                        jeffrey.johnson@pillsburylaw.com

                        **ATTORNEY FOR DEFENDANTS BASS PRO, INC., BPS DIRECT, L.L.C., and BASS PRO OUTDOORS ONLINE, L.L.C.**

OF COUNSEL:

George M. Sirilla (*admitted pro hac vice*)
Jack S. Barufka (*admitted pro hac vice*)
Robert M. Fuhrer (*admitted pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Blvd., 14th Floor
McLean, VA 22102
703.770.7900 – Telephone
703.770.7901 – Facsimile

**ATTORNEYS FOR DEFENDANTS BASS PRO, INC., BPS DIRECT, L.L.C., and BASS PRO OUTDOORS ONLINE, L.L.C.**

402829307v1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on March 28, 2011, on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by first class mail.

*/s/ Jeffrey L. Johnson*
Jeffrey L. Johnson