# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GUCCI AM., INC., ET AL. <br><br> Defendants. | Case No. 2:10-CV-571-TJW-CE |

**PETCO ANIMAL SUPPLIES, INC.'S AND PETCO ANIMAL SUPPLIES STORES, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT (#1)**

Defendants and Counterclaimants PETCO Animal Supplies, Inc. and PETCO Animal Supplies Stores, Inc.[1] (collectively "PETCO"), by and through their undersigned counsel, responds to the Plaintiff's ("GeoTag") Original Complaint (#1) ("Original Complaint") as follows:

## THE PARTIES

1. – 32.  PETCO lacks knowledge and information sufficient to form a belief about the truth of the allegations in each respective paragraph 1 – 32, and accordingly denies the same.

33.  Admitted.

34. – 44.  PETCO lacks knowledge and information sufficient to form a belief about the truth of the allegations in each respective paragraph 34 - 44, and accordingly denies the same.

## JURISDICTION AND VENUE

45.  PETCO admits that this Court has subject matter and personal jurisdiction over the plaintiff's purported claims for patent infringement against PETCO, and also admits that the United States Patent Laws are codified in Title 35 of the United States Code.  PETCO admits that it has an interactive website that is available for use within this forum, but denies all remaining allegations in paragraph 45 that are directed to PETCO.  To the extent the allegations in paragraph 45 are directed at other defendants, PETCO lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

46.  PETCO admits that venue is proper in the Eastern District of Texas, but denies that the Eastern District of Texas is the most convenient forum for this action.  Moreover, PETCO denies that GeoTag's infringement claims arise directly from PETCO's business contacts in and other activities in the State of Texas and the Eastern District of Texas.  PETCO

---

[1] On April 21, 2011, the Court granted the joint motion to add PETCO Animal Supplies Stores, Inc. as a party in this case.  *See* Dkt. No. 209.  As such, both PETCO entities are answering the plaintiff's Original Complaint.

admits that it has an interactive website that is available for use within this forum, but denies all remaining allegations in paragraph 46 that are directed to PETCO. To the extent the allegations in paragraph 46 are directed at other defendants, PETCO lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

47. PETCO admits that Judge Everingham previously construed certain claim terms in U.S. Patent No. 5,930,474 ("the '474 patent") in *Geomas (Int'l) Ltd. v. Idearc Media Services-West, Inc.*, No. 2:06-CV-475 (E. D. Tex. Nov. 20, 2008), but denies the remaining allegations in paragraph 47.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

48. PETCO admits that the '474 patent indicates on its face that it is entitled "Internet Organizer for Accessing Geographically and Topically Based Information," but denies that the '474 patent was duly and legally issued on July 29, 1999. PETCO lacks knowledge and information sufficient to form a belief about the truth of any remaining allegations in paragraph 48, and therefore denies the same.

49. PETCO lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 49, and accordingly denies the same.

50. PETCO denies the allegations in paragraph 50 because they state a legal conclusion that is premature given the absence of a claim construction order in this case.

51. PETCO denies all portions of paragraph 51 that are directed at PETCO. To the extent the allegations in paragraph 51 are directed at other defendants, PETCO lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

52. – 70.    PETCO lacks knowledge and information sufficient to form a belief about the truth of the allegations in each respective paragraph 52 - 70, and accordingly denies the same.

71.    Denied.

72. – 80.    PETCO lacks knowledge and information sufficient to form a belief about the truth of the allegations in each respective paragraph 72 - 80, and accordingly denies the same.

81.    PETCO denies all portions of paragraph 81 that are directed at PETCO. To the extent the allegations in paragraph 81 are directed at other defendants, PETCO lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

82.    PETCO denies all portions of paragraph 82 that are directed at PETCO. To the extent the allegations in paragraph 82 are directed at other defendants, PETCO lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

## PRAYER FOR RELIEF

83.    PETCO opposes the relief requested or any other relief GeoTag may request.

## DEMAND FOR JURY TRIAL

84.    PETCO also demands a trial by jury on all issues so triable.

## DENIAL OF ANY REMAINING ALLEGATIONS

85.    Except as specifically admitted herein, PETCO denies any remaining allegations in the plaintiff's Original Complaint that are directed at PETCO.

## **AFFIRMATIVE DEFENSES**

Incorporating by reference the foregoing paragraphs in their entirety, PETCO, as its Affirmative Defense to the Original Complaint of GeoTag, states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

86. GeoTag's claims for relief and each and every one of its allegations fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

87. PETCO does not infringe and has not infringed any valid and enforceable claim of the '474 patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

88. The claims of the '474 patent are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

89. GeoTag's claims are barred, in whole or in part, by laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

90. GeoTag's claims are barred, in whole or in part, by waiver.

### SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

91. GeoTag's claims are barred, in whole or in part, by estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

92. GeoTag's claims are limited by 35 U.S.C. § 286.

## EIGHT AFFIRMATIVE DEFENSE
### (Notice)

93.     GeoTag's claims are limited by 35 U.S.C. § 287.

## RESERVATION OF AFFIRMATIVE DEFENSES

94.     PETCO hereby reserves the right to supplement with additional affirmative defenses as discovery proceeds in this matter.

## COUNTERCLAIMS

Incorporating by reference the foregoing paragraphs in their entirety, PETCO asserts the following counterclaims against GeoTag:

## PARTIES

1.      Counterclaim plaintiffs each have a principal place of business in San Diego, California.

2.      On information and belief based on the plaintiff's Original Complaint, Counterclaim Defendant, GeoTag, is a Delaware Corporation with a place of business in Plano, Texas.

## JURISDICTION

3.      These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act.  The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

## VENUE

4.      While PETCO does not concede that venue is proper in this district with respect to the action brought by GeoTag, should that action remain in this district, venue on these

counterclaims is proper in this district under 28 U.S.C. §§ 1391 and 1400 because GeoTag alleges that its place of business is located in this district.

## COUNT I – DECLARATION OF NONINFRINGEMENT

5. Based on GeoTag's filing of this action and PETCO's Affirmative Defenses, an actual controversy has arisen and now exists between GeoTag and PETCO as to whether PETCO has infringed or is infringing U.S. Patent No. 5,930,474 ("the '474 patent").

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., PETCO requests the declaration of the Court that PETCO does not infringe and has not infringed any valid and enforceable claim of the '474 patent.

## COUNT II – DECLARATION OF PATENT INVALIDITY

7. Based on GeoTag's filing of this action and PETCO's Affirmative Defenses, an actual controversy has arisen and now exists between GeoTag and PETCO as to the validity of the '474 patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., PETCO requests the declaration of the Court that the '474 patent is invalid.

## JURY DEMAND

9. PETCO respectfully demands a trial by jury.

## PRAYER FOR RELIEF

PETCO respectfully requests a judgment against GeoTag as follows:

    A. A declaration that PETCO does not infringe and has not infringed any valid and enforceable claim of the '474 patent;

    B. A declaration that the '474 patent is invalid;

    C. That GeoTag take nothing by its Original Complaint;

D. That the Court enter judgment against GeoTag and in favor of PETCO and that GeoTag's Original Complaint be dismissed with prejudice;

E. That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and enter a judgment awarding PETCO its costs and reasonable attorneys' fees; and

F. That the Court grant PETCO whatever further relief the Court may deem just and proper.

Date: May 4, 2011

Respectfully submitted,

_____
Danny L. Williams
Lead Counsel
State Bar No. 21518050
Terry D. Morgan
State Bar No. 14452430
Brian K. Buss
State Bar No. 00798089
Michael A. Benefield
Texas State Bar No. 24073408
Indiana State Bar No. 24560-49
**WILLIAMS, MORGAN & AMERSON**
10333 Richmond Avenue, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Fax: (713) 934-7011
danny@wmalaw.com
terry@wmalaw.com
mbenefield@wmalaw.com

**ATTORNEYS FOR DEFENDANT PETCO ANIMAL SUPPLIES, INC. AND PETCO ANIMAL SUPPLIES STORES, INC.**

8

9

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on May 4, 2011, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/Mark Dunglinson  
Litigation Paralegal
