IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GeoTag, Inc. | |
| Plaintiff, | Case No. 2:10-cv-00571-TJW -CE |
| v. | JURY |
| Gucci America, Inc., et al | |
| Defendants. | |

**DEFENDANT HERMAN MILLER, INC'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Herman Miller, Inc. ("Herman Miller") answers the Complaint filed in this

action by Plaintiff GeoTag, Inc. ("GeoTag") as follows:

**PARTIES**

1.     Plaintiff GEOTAG, INC. ("GEOTAG" or "Plaintiff") is a Delaware Corporation
with a place of business in Plano, Texas.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 1, and therefore denies those allegations.

2.     On information and belief, Defendant GUCCI AMERICA, INC. ("GUCCI") has a
place of business in New York, New York.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 2, and therefore denies those allegations.

3.     On information and belief, Defendant BANANA REPUBLIC (APPAREL), INC.
has a place of business in San Francisco, California.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 3, and therefore denies those allegations.

4.      On information and belief, Defendant BANANA REPUBLIC (ITM), INC. has a place of business in San Francisco, California.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 4, and therefore denies those allegations.

5.      On information and belief, Defendant BANANA REPUBLIC, LLC has a place of business in San Francisco, California.  Hereinafter, BANANA REPUBLIC (APPAREL), INC., BANANA REPUBLIC (ITM), INC. and BANANA REPUBLIC, LLC are collectively referred to as "BANANA REPUBLIC."

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 5, and therefore denies those allegations.

6.      On information and belief, Defendant BARNES & NOBLE, INC. has a place of business in Lyndhurst, New Jersey.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6, and therefore denies those allegations.

7.      On information and belief, Defendant BARNESANDNOBLE.COM, LLC has a place of business in San Francisco, California.  Hereinafter, BARNES & NOBLE, INC. and BARNESANDNOBLE.COM, LLC are collectively referred to as "BARNES & NOBLE."

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 7, and therefore denies those allegations.

8.      On information and belief, Defendant BASS PRO, INC. has a place of business in Springfield, Missouri.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 8, and therefore denies those allegations.

9.      On information and belief, Defendant BASS PRO SHOPS, INC. has a place of business in Springfield, Missouri.

2

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 9, and therefore denies those allegations.

10.     On information and belief, Defendant BPS DIRECT, LLC has a place of business in Springfield, Missouri.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 10, and therefore denies those allegations.

11.     On information and belief, Defendant BASS PRO OUTDOORS ONLINE, LLC has a place of business in Springfield, Missouri.  Hereinafter, BASS PRO, INC., BASS PRO SHOPS, INC., BPS DIRECT, LLC and BASS PRO OUTDOOR ONLINE, LLC are collectively referred to as "BASS PRO SHOPS."

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 11, and therefore denies those allegations.

12.     On information and belief, Defendant BIG LOTS, INC. has a place of business in Columbus, Ohio.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 12, and therefore denies those allegations.

13.     On information and belief, Defendant BIG LOTS STORES, INC. has a place of business in Columbus, Ohio.  Hereinafter, BIG LOTS, INC. and BIG LOTS STORES, INC. are referred to collectively as "BIG LOTS."

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13, and therefore denies those allegations.

14.     On information and belief, Defendant BJ'S WHOLESALE CLUB, INC. ("BJ'S") has a place of business in Natick, Massachusetts.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14, and therefore denies those allegations.

15.     On information and belief, Defendant CABELA'S, INC. ("CABELA'S") has a place of business in Sidney, Nebraska.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 16, and therefore denies those allegations.

16.     On information and belief, Defendant CHANEL, INC. has a place of business in New York, New York.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 16, and therefore denies those allegations.

17.     On information and belief, Defendant CHANEL USA, INC. has a place of business in New York, New York.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 17, and therefore denies those allegations.

18.     On information and belief, Defendant TRADEMARK SERVICES, LTD. has a place of business in New York, New York.  Hereinafter, CHANEL, INC., CHANEL USA, INC. and TRADEMARK SERVICES, LTD. are collectively referred to as "CHANEL."

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 18, and therefore denies those allegations.

19.     On information and belief, Defendant COACH, INC. ("COACH") has a place of business in New York, New York.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 19, and therefore denies those allegations.

20.     On information and belief, Defendant COSTCO WHOLESALE CORP. ("COSTCO") has a place of business in Issaquah, Washington.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 20, and therefore denies those allegations.

4

21.    On information and belief, Defendant DILLARD'S, INC. ("DILLARD'S") has a place of business in Little Rock, Arkansas.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 21, and therefore denies those allegations.

22.    On information and belief, Defendant GAP, INC. has a place of business in San Francisco, California.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22, and therefore denies those allegations.

23.    On information and belief, Defendant GAP (APPAREL) LLC has a place of business in San Francisco, California.  Hereinafter, GAP, INC., GAP (APPAREL) LLC and BANANANA REPUBLIC are collectively referred to as "GAP."

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 23, and therefore denies those allegations.

24.    On information and belief, Defendant GEORGIO ARMANI CORP. D/B/A GEORGIO ARMANI D/B/A ARMANI ("GEORGIO ARMANI") has a place of business in New York, New York.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24, and therefore denies those allegations.

25.    On information and belief, Defendant GORDON JEWELRY CORP. D/B/A GORDON'S JEWELERS has a place of business in Irving, Texas.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 25, and therefore denies those allegations.

26.    On information and belief, Defendant ZALE CORP. D/B/A ZALE'S D/B/A ZALES JEWELERS D/B/A GORDON'S JEWELERS D/B/A PIERCING PAGODA has a place of business in Irving, Texas.  Hereinafter, GORDON JEWELRY CORP. D/B/A GORDON'S JEWELERS and ZALE CORP. D/B/A ZALE'S D/B/A ZALES JEWELERS D/B/A GORDON'S JEWELERS D/B/A PIERCING PAGODA are collectively referred to as "ZALE."

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 26, and therefore denies those allegations.

27.    On information and belief, Defendant HERMAN MILLER, INC. ("HERMAN MILLER") has a place of business in Zealand, Michigan.

**ANSWER:** Herman Miller admits that it has a place of business in Zeeland, Michigan.

28.    On information and belief, Defendant HOBBY LOBBY STORES, INC. D/B/A HOBBY LOBBY CREATIVE CENTERS D/B/A HOBBY LOBBY ("HOBBY LOBBY") has a place of business in Oklahoma City, Oklahoma.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 28, and therefore denies those allegations.

29.    On information and belief, Defendant LEO'S DANCEWEAR, INC. ("LEO'S DANCEWEAR") has a place of business in Chicago, Illinois.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 29, and therefore denies those allegations.

30.    On information and belief, Defendant LESLIE'S POOLMART, INC. D/B/A LESLIE'S POOLMART D/B/A LESLIE'S SWIMMING POOL SUPPLIES D/B/A LESLIE'S ("LESLIE'S") has a place of business in Phoenix, Arizona.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 30, and therefore denies those allegations.

31.    On information and belief, Defendant MACY'S, INC. ("MACY'S") has a place of business in New York, New York.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 31, and therefore denies those allegations.

32.    On information and belief, Defendant NIKE, INC. ("NIKE") has a place of business in Beaverton, Oregon.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 32, and therefore denies those allegations.

33.    On information and belief, Defendant PETCO ANIMAL SUPPLIES, INC. ("PETCO") has a place of business in San Diego, California.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 33, and therefore denies those allegations.

34.    On information and belief, Defendant RALPH LAUREN MEDIA, LLC has a place of business in New York, New York.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 34, and therefore denies those allegations.

35.    On information and belief, Defendant POLO RALPH LAUREN CORP. has a place of business in New York, New York.  Hereinafter, RALPH LAUREN MEDIA, LLC and POLO RALPH LAUREN MEDIA, LLC are collectively referred to as "RALPH LAUREN."

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 35, and therefore denies those allegations.

36.    On information and belief, Defendant ROSS STORES, INC. ("ROSS") has a place of business in Pleasanton, California.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 36, and therefore denies those allegations.

37.    On information and belief, Defendant SKECHERS USA, INC. ("SKECHERS") has a place of business in Manhattan Beach, California.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 37, and therefore denies those allegations.

38.    On information and belief, Defendant THE SPORTS AUTHORITY, INC. ("SPORTS AUTHORITY") has a place of business in Englewood, Colorado.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 38, and therefore denies those allegations.

39.    On information and belief, Defendant STAPLES, INC. ("STAPLES") has a place of business in Framingham, Massachusetts.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 39, and therefore denies those allegations.

40.    On information and belief, Defendant TA OPERATING LLC D/B/A TRAVELCENTERS OF AMERICA ("TRAVELCENTERS") has a place of business in Westlake, Ohio.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 40, and therefore denies those allegations.

41.    On information and belief, Defendant TIFFANY & CO. D/B/A TIFFANY AND COMPANY ("TIFFANY") has a place of business in New York, New York.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 41, and therefore denies those allegations.

42.    On information and belief, Defendant VERA WANG BRIDAL HOUSE, LTD. has a place of business in New York, New York.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 42, and therefore denies those allegations.

43.    On information and belief, Defendant V.E.W., LTD. has a place of business in New York, New York.  Hereinafter, VERA WANG BRIDAL HOUSE, LTD. and V.E.W., LTD. are collectively referred to as "VERA WANG."

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 43, and therefore denies those allegations.

44.     On information and belief, Defendant WOOLRICH, INC. ("WOLRICH") has a place of business in Woolrich, Pennsylvania.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 44, and therefore denies those allegations.

## JURISDICTION AND VENUE

45.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein.  Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

**ANSWER:** Herman Miller admits that the Complaint purports to state a claim arising under Title 35 of the United States Code, but denies that the Complaint states a valid claim. Herman Miller admits that, if proper, a claim arising under Title 35 of the United States Code would arise within the Court's subject matter jurisdiction, but denies that the Complaint states a valid claim.  Herman Miller denies each and every of the remaining the allegations in paragraph 45 to the extent that they relate to Herman Miller, except admitting for the purpose of this case only that the Court has personal jurisdiction over Herman Miller. Herman Miller lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 45, and therefore denies those allegations.

46.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district.  On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein.  Further, on information and belief, Defendants have interactive

9

websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

**ANSWER:**  Herman Miller denies each and every of the allegations in paragraph 46 to the extent that they relate to Herman Miller, except admitting for the purpose of this case only that venue is proper as to Herman Miller within this judicial district. Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 46, and therefore denies those allegations.

47.    Further, venue of this action is appropriate and convenient because this Court previously heard a parallel action for infringement of the same '474 patent in Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et ah, Civil Action No. 2:06-CV-00475-CE ("the Geomas Lawsuit").  In the Geomas Lawsuit this Court considered and construed the terms and claims of the '474 patent, as set forth in the Court's Memorandum Opinion and Order issued on November 20, 2008.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 47, and therefore denies those allegations.  Furthermore, Herman Miller denies that this judicial district is convenient for it as a Michigan-based company.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 5,930,474

48.    United States Patent No. 5,930,474 (the "'474 patent"), entitled "Internet Organizer for Accessing Geographically and Topically Based Information," duly and legally issued on July 29, 1999.

**ANSWER:**  Herman Miller admits that U.S. Patent No. 5,930,474 is titled "Internet Organizer for Accessing Geographically and Topically Based Information," denies that it was legally issued, and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 48, and therefore denies each of those allegations.

49.     GEOTAG is the assignee of the '474 Patent and it has standing to bring this lawsuit for infringement of the '474 Patent.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 49, and therefore denies those allegations.


50.     The claims of the '474 Patent cover, inter alia, systems and methods which comprise associating on-line information with geographic areas, such systems and methods comprising computers, an organizer, and a search engine configured to provide a geographical search area wherein at least one entry associated with a broader geographical area is dynamically replicated into at least one narrower geographical area, the search engine further configured to search topics within the selected geographical search area.

**ANSWER:**  Herman Miller denies that the claims of the '474 Patent are valid, that the

'474 Patent was legally issued, and lacks knowledge or information sufficient to form a belief as

to the remaining allegations in paragraph 50, and therefore denies each of those allegations.


51.     On information and belief, all Defendants named herein have infringed the '474 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.

**ANSWER:**  Herman Miller denies each and every of the allegations in paragraph 51 to

the extent that they relate to Herman Miller. Herman Miller lacks knowledge or information

sufficient to form a belief as to the remaining allegations in paragraph 51, and therefore denies

those allegations.


52.     On information and belief, GUCCI has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Finder at www.gucci.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 52, and therefore denies those allegations.

53.     On information and belief, BARNES & NOBLE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Store/Find an Event at www.barnesandnoble.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 53, and therefore denies those allegations.

54.     On information and belief, BASS PRO SHOPS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Finder at www.basspro.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 54, and therefore denies those allegations.

55.     On information and belief, BIG LOTS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Find A Big Lots Store Near You at www.biglots.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 55, and therefore denies those allegations.

56.     On information and belief, BJ'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Finder at www.bjs.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 56, and therefore denies those allegations.

#10321844_v4

57.     On information and belief, CABELA'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Finder at www.cabelas.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 57, and therefore denies those allegations.

58.     On information and belief, CHANEL has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.chanel.com, including www.chanel.com/en_US.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 58, and therefore denies those allegations.

59.     On information and belief, COACH has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.coach.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 59, and therefore denies those allegations.

60.     On information and belief, COSTCO has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Find A Costco Warehouse at www.costco.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 60, and therefore denies those allegations.

#10321844_v4

61.     On information and belief, DILLARD'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.dillards.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 61, and therefore denies those allegations.

62.     On information and belief, GAP has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.gap.com, www.bananarepublic.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 62, and therefore denies those allegations.

63.     On information and belief, GEORGIA ARMANI has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.armani.com and www.armanistores.com and www.emporioarmani.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 63, and therefore denies those allegations.

64.     On information and belief, GORDON'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.gordonsjewelers.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 64, and therefore denies those allegations.

14

65.     On information and belief, HERMAN MILLER has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Global Dealer Locator at www.hermanmiller.com.

**ANSWER:** Herman Miller denies each and every of the allegations in paragraph 65.

66.     On information and belief, HOBBY LOBBY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Finder at www.hobbylobby.com.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 66, and therefore denies those allegations.

67.     On information and belief, LEO'S DANCEWEAR has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Dealer Locator at www.leosdancewear.com.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 67, and therefore denies those allegations.

68.     On information and belief, LESLIE'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.lesliespool.com.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 68, and therefore denies those allegations.

69.     On information and belief, MACY'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in

the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.macys.com.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 69, and therefore denies those allegations.

70.     On information and belief, NIKE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Nike Store And Event Locator at www.nike.com.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 70, and therefore denies those allegations.

71.     On information and belief, PETCO has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.petco.com.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 71, and therefore denies those allegations.

72.     On information and belief, RALPH LAUREN has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Finder at www.ralphlauren.com.

**ANSWER:** Herman Miller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 72, and therefore denies those allegations.

73.     On information and belief, ROSS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the

16

United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.rossstores.com.

      **ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 73, and therefore denies those allegations.


      74.    On information and belief, SKECHERS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.skechers.com.

      **ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 74, and therefore denies those allegations.


      75.    On information and belief, SPORTS AUTHORITY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www. sportsauthority. com.

      **ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 75, and therefore denies those allegations.


      76.    On information and belief, STAPLES has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator and Check Availability at www.staples.com.

      **ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 76, and therefore denies those allegations.


      77.    On information and belief, TRAVELCENTERS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or

offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Location Search and Advanced Location Search at www.tatravelcenters.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 77, and therefore denies those allegations.


78.     On information and belief, TIFFANY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store and Event Finder at www.tiffany.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 78, and therefore denies those allegations.


79.     On information and belief, VERA WANG has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.verawang.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 79, and therefore denies those allegations.


80.     On information and belief, WOOLRICH has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Retail Store Finder at www.woolrich.com.

**ANSWER:**  Herman Miller lacks knowledge or information sufficient to form a belief as

to the allegations in paragraph 80, and therefore denies those allegations.

#10321844_v4

81.    To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, GEOTAG reserves the right to request such a finding at time of trial.

**ANSWER:**  Paragraph states a legal position to which Herman Miller is unable respond in the form of an Answer.  To the extent that an answer is required, Herman Miller denies the allegations in paragraph 81.

82.    As a result of Defendants' infringing conduct, Defendants have damaged GEOTAG.  Defendants are liable to GEOTAG in an amount that adequately compensates GEOTAG for their infringement, which, by law, can be no less than a reasonable royalty.

**ANSWER:**  Herman Miller denies each and every one of the allegations in paragraph 82 to the extent that they relate to Herman Miller. Herman Miller lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 82, and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to state a claim)

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Invalidity - The '474 Patent)

Upon information and belief, the '474 Patent and each and every claim contained therein is invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. §§ 101, 102, 103, 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code. More specifically and without limitation, the '474 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art related to computer automated, web-based, and other

Geographic Information System technology, search engine technology, relational and correlational databases, and other similar prior art.

### Third Affirmative Defense
### (Non-Infringement - The '474 Patent)

Herman Miller has not and does not infringe, directly or indirectly, any claim of the '474 Patent, either literally or under the doctrines of equivalents or divided infringement. Furthermore, Herman Miller cannot be found to indirectly infringe the patents because there is no proof of actual knowledge of the patents or pre-suit notice of infringement prior to filing the instant suit. Furthermore, there are no allegations of indirect infringement in the Complaint.

### Fourth Affirmative Defense
### (Patent Marking - The '474 Patent)

Upon information and belief, GeoTag is not entitled to any pre-suit damages for alleged infringement because of its failure to comply with 35 U.S.C. § 287 and/or its failure to otherwise give proper notice that Herman Miller's actions allegedly infringed the '474 Patent.

### Fifth Affirmative Defense
### (Exhaustion - The '474 Patent)

Upon information and belief, GeoTag's claims against Herman Miller for infringement of the '474 Patent are fully or partially precluded because the accused products/instrumentalities are supplied, directly or indirectly to Herman Miller by an entity or entities having an express or implied license to the patent-in-suit and/or pursuant to the doctrine of patent exhaustion. By reason of the foregoing, GeoTag is barred from asserting its claims for infringement of the '474 Patent against products used, sold, or offered for sale by Herman Miller.

#10321844_v4

**Sixth Affirmative Defense**
**(Laches)**

Upon information and belief, GeoTag's claims are barred by the equitable doctrines of

laches, unclean hands, estoppel, and/or waiver. The '474 Patent purportedly issued in July 29,

1999.   After the patent-in-suit issued, GeoTag and/or its predecessor in interest waited more

than a decade before commencing this suit against Herman Miller.  Furthermore, upon

information and belief, during that time GeoTag and/or its predecessor in interest filed various

other lawsuits and accused various other defendants of infringement, all while remaining silent

as to Herman Miller.


**Seventh Affirmative Defense**
**(Unavailability of Injunctive Relief)**

GeoTag is not entitled to injunctive relief, because any injury to it is not immediate or

irreparable, GeoTag would have an adequate remedy at law, the balance of hardships favors no

injunction, and the public interest is best served by no injunction.


**Eighth Affirmative Defense**
**(Other Affirmative Defenses Based on Later Discovered Evidence)**

Herman Miller reserves all affirmative defenses under Rule 8(c) of the Federal Rules of

Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity,

that may now exist or in the future be available based on discovery and further factual

investigation in this case.

## COUNTERCLAIMS

For its counterclaims against Landmark, Herman Miller alleges as follows:

## PARTIES

1.      Herman Miller, Inc. ("Herman Miller ") is a corporation organized under the laws of the State of Michigan with its principal place of business at 855 East Main Avenue, Zeeland, Michigan 49464.

2.      According to paragraph 1, Plaintiff GeoTag, Inc. ("GeoTag") is a Delaware Corporation with a place of business in Plano, Texas.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.      Venue for these counterclaims is proper within this district under at least 28 U.S.C. § 1391.

5.      This Court has personal jurisdiction over GeoTag because GeoTag has submitted itself to the personal jurisdiction of this Court by commencing this action.

## COUNT ONE

### DECLARATION OF NON-INFRINGEMENT OF THE '474 PATENT

6.      Herman Miller incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

7.      Herman Miller brings this action for declaratory judgment of non-infringement of the '474 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

8.      GeoTag has alleged that Herman Miller has infringed the '474 Patent, and Herman Miller has denied these allegations.

9.      Herman Miller has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '474 Patent, and is not liable for any acts of infringement of any such claim of the '474 Patent.

10.     As evidenced by GeoTag's Complaint and Herman Miller's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding infringement of the '474 Patent.

11.     Herman Miller is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that Herman Miller does not infringe and has not infringed any valid claim of the '474 Patent.

## COUNT TWO

### DECLARATION OF INVALIDITY OF THE '474 PATENT

12.     Herman Miller incorporates and realleges the allegations of paragraphs 1-11 of these counterclaims.

13.     Herman Miller brings this action for declaratory judgment of invalidity of the '474 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

14.     GeoTag has alleged that Herman Miller has infringed the '474 Patent, and Herman Miller has denied these allegations.

15.     As evidenced by GeoTag's Complaint and Herman Miller's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding whether the claims of the '474 Patent are invalid.

16.     One or more of the claims of the '474 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

17.     More specifically and without limitation, the '474 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art related to computer automated, web-based, and other Geographic Information System technology, search engine technology, relational and correlational databases, and other similar prior art.

## COUNT THREE

### ATTORNEYS FEES AND COSTS

18.     Herman Miller incorporates and realleges the allegations of paragraphs 1-17 of these counterclaims.

19.     This case is an exceptional case pursuant to 35 U.S.C. § 285, and therefore Herman Miller is entitled to an award of attorneys' fees and costs.

## PRAYER FOR JUDGMENT

WHEREFORE, Herman Miller prays for the following relief:

A.     Dismissal of GeoTag's Complaint with prejudice and entry of judgment in favor of Herman Miller;

B.     Judgment declaring that the asserted claims of the '474 Patent have not been infringed directly, jointly, indirectly, or by equivalent by Herman Miller;

C.     Judgment declaring that one or more claims of the '474 Patent are invalid and/or unenforceable pursuant to one or more statutory provisions of Title 35 of the United States Code;

D.      A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award to Herman Miller of its costs and reasonable attorneys' fees, together with interest, including prejudgment interest thereon; and

E.      Such other and further relief as may be deemed just and appropriate.

## JURY DEMAND

Herman Miller demands a jury trial on all issues so triable.


DATED:  May 12, 2011                        Respectfully submitted,

                                            HERMAN MILLER, INC.


                                            /s/ *Michael C. Smith*
                                            Michael C. Smith
                                            Siebman, Burg, Phillips & Smith, LLP
                                            113 East Austin Street
                                            P.O. Box 1556
                                            Marshall, Texas 75671-1556
                                            (903) 938-8900 (office)
                                            (972) 767-4620 (fax)
                                            michaelsmith@siebman.com

                                            R. David Donoghue (*Pro hac vice*)
                                            Daniel L. Farris (*Pro hac vice*)
                                            HOLLAND & KNIGHT LLP
                                            131 South Dearborn Street, 30th floor
                                            Chicago, IL 60603
                                            Tel: (312) 263-3600
                                            Fax: (312)578-6666
                                            david.donoghue@hklaw.com
                                            daniel.farris@hklaw.com

                                            *Attorneys for Defendant Herman Miller, Inc.*

#10321844_v4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served this 12th day of May, 2011, with a copy of this document via the Court's CM/ECF system.

/s/ Michael C. Smith
Michael C. Smith

#10321844_v4