**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-00570** |
| **AROMATIQUE, INC.;** *et al.,* | |
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-00571** |
| **GUCCI AMERICA, INC.;** *et al.,* | |
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-00572** |
| **STARBUCKS CORP.;** *et al.,* | |
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-00574** |
| **THE WESTERN UNION COMPANY;** *et al.,* | |
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-00575** |
| **ROYAL PURPLE, INC.;** *et al.,* | |
| **GEOTAG, INC.,** | |
| **v.** | **2:11-cv-00175** |
| **WHERE 2 GET IT, INC.;** *et al.,* | |

**RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF CASE MANAGEMENT**
**PLAN AND DOCKET CONTROL ORDER**

# Table of Contents

I.    Introduction                                                                                                     1

II.   GeoTag's scheduling motion is nothing more than an attempt to litigate its claims against the technology providers (Microsoft, Google, Where-2-Get-It) through a subset of their customers, and should therefore be denied.                                                     2

III.  The Texas cases should be stayed at least as to the technology providers (Microsoft, Google, Where 2 Get It) and GeoTag should not be allowed to litigate its claims against the technology providers through their customers.                                                       3

IV.   The Texas cases should also be stayed as to the non-technology providers in view of GeoTag's scheduling proposal.                                                                            5

V.    Conclusion.                                                                                                    5

# Table of Exhibits

Exhibit A - GeoTag's Scheduling Proposal

Exhibit B - Defendants' December 7, 2011 Scheduling Proposal to GeoTag

Exhibit C - Judge Andrews' Order Denying Transfer of the Delaware Case to Texas

Exhibit D - Judge Folsom's November 14, 2011 Order

The undersigned defendants – all customers of Microsoft that use or have used Microsoft provided store locator technology – hereby respond to GeoTag's motion for entry of a docket control order in the above styled cases as follows:

## I.       Introduction

GeoTag's scheduling motion is based on its misguided assumption that all of the defendants infringe the asserted patent and wish to settle their claims.  However, only a small number of defendants have settled to date,[1] and the majority of defendants appear more interested in obtaining an early liability determination.  But rather than embrace a liability determination, GeoTag's proposed schedule delays and obfuscates a liability determination in favor of protracted and expensive litigation.  GeoTag's proposal is nothing short of an attempt to extract cost of litigation settlements out of the more than 400 defendants it has sued on a patent that has never undergone a liability determination.

Moreover, GeoTag's proposal attempts to isolate a subset of Microsoft, Google, and Where 2 Get It customers, and then use those customers as the bellwether for the Texas litigations.  GeoTag supports this position by arguing that Microsoft, Google, and Where 2 Get It have asked for an "expedited" resolution of their claims in Delaware.  *See* Opening Brief at 4. But GeoTag neglected to tell the Court that Judge Andrews[2] denied its motion to transfer Microsoft and Google's declaratory judgment case to Texas.  As such, that case will proceed in Delaware against Microsoft and Google, and will result in the resolution of all "locator" claims based on Microsoft and Google technology, including such technology implemented by the

---

[1]       In its brief, GeoTag indicates that 72 defendants in the cases have been "voluntarily dismissed as a result of settlement or other disposition . . . ."  *See* Brief at 3.  Based on a cursory review of the dockets for all pending Texas GeoTag cases as of the filing of this brief, only 23 defendants have been dismissed **with** prejudice, while 54 defendants have merely been dismissed **without** prejudice.  As such , the majority of GeoTag's dismissals were not the result of settlement, and were instead the result of GeoTag's misnaming of defendants in their numerous complaints.

[2]       Judge Andrews is also presiding over the declaratory judgment action filed by Where 2 Get It.

subset of customers at issue in Texas.  If GeoTag truly wants to use Microsoft and Google as a bellwether to the litigation, that bellwether case is proceeding in Delaware and, if anything, the Texas cases should be stayed in favor of Delaware.

II.    **GeoTag's scheduling motion is nothing more than an attempt to litigate its claims against the technology providers (Microsoft, Google, Where-2-Get-It) through a subset of their customers, and should therefore be denied.**

GeoTag's scheduling motion is nothing more than an attempt to litigate its claims against the technology providers (Microsoft, Google, Where-2-Get-it) through a subset of their customers, and should therefore be denied.  For example, GeoTag's proposal purports to stay the majority of the case against non-customer defendants,[3] and proceed against the customers on a non-expedited basis.  GeoTag's case management proposal is inefficient and unjust, and should be denied.  Moreover, GeoTag's proposal is a far cry from its claimed "expedited" disposition of the case against the technology providers.[4]  *See* GeoTag's Proposal (attached as Ex. A) at 4.  Rather, GeoTag's proposal seeks to avoid any expedited procedure for addressing the merits of its case, and instead – by requiring production of damages information from all defendants[5] – attempts to extract settlements that are based on the cost of protracted litigation.

In contrast, Defendants' proposed case management plan, which is in line with Judge Folsom's directives, provides a method that may dispose of GeoTag's claims by addressing a limited number of claim terms in conjunction with early summary judgment briefing.  Defendants' proposal provides a far more efficient process for resolving GeoTag's claims against

---

[3]    GeoTag's proposal would proceed with full discovery and a non-expedited schedule against the customers, but would stay discovery for the non-customer defendants with the exception of producing initial disclosures, invalidity contentions (a common task) and damages information.

[4]    Now that the Delaware Court has agreed to go forward with the Microsoft/Google case, proceeding against the technology providers themselves, in Delaware, would be far more expedited, and far more efficient.  In fact, Judge Andrews recently set the scheduling conference in the Microsoft/Google case for February 23, 2012.

[5]    This is an unnecessary requirement.  Should a defendant wish to participate in mediation, then that Defendant will likely voluntarily produce the damages information that is needed to resolve the claims.

all defendants.  GeoTag has only one criticism of defendants' proposal – that defendants' proposal does not include an identification of the dispositive claim terms upon which defendants may seek early case dispositive rulings.[6]  However, the undersigned defendants are willing to disclose their case dispositive terms to GeoTag and proceed with summary judgment practice after GeoTag updates its infringement contentions with references to source code.  Indeed, the disclosure of five case dispositive terms was part of defendants' proposal to GeoTag.  *See* Defendants' December 7, 2011, Scheduling Proposal to GeoTag (attached as Ex. B) at Step 5.[7]

In sum, should the Court decide to proceed with GeoTag's claims in Texas, the Court should adopt Defendants' proposed case management plan, acknowledging the need to adjust the deadlines in the Defendants' proposal to accommodate any intervening period prior to entrance of the Scheduling Order.

## III.   The Texas cases should be stayed at least as to the technology providers (Microsoft, Google, Where 2 Get It) and GeoTag should not be allowed to litigate its claims against the technology providers through their customers.

Rather than litigate its claims against the technology providers – through their customers in Texas – GeoTag should be forced to litigate against the real parties in interest.  Just prior to the parties' submission of their case management proposals, Judge Andrews denied GeoTag's motion to transfer the Microsoft/Google declaratory judgment from Delaware to Texas.   In denying GeoTag's motion, Judge Andrews recognized that the customer suit exception applies:

> *I believe the real dispute here is between Geotag and the companies that provide the mapping services, and not between Geotag and the customers* of the companies that provide the mapping services.  The plaintiffs produced ten requests for

---

[6]        GeoTag also alleges that defendants reneged on a prior proposal.  Nothing could be further from the truth, and GeoTag's allegations are a misrepresentation of the record.  There is no doubt that GeoTag knows that Judge Folsom declined to enter a previously agreed partial schedule that was submitted by the parties and instead directed the parties to submit a proposal along the lines of those adopted by Judge Davis in *Parallel Networks* or *Uniloc*.  Defendants' proposal is in line with what Judge Davis adopted in *Parallel Networks*.

[7]        This proposal was attached as Exhibit N to GeoTag's brief.

> indemnification from their customers who were sued by Geotag. These ten requests were said to be "samples." It is clear that the plaintiffs have exactly the sort of manufacturers' interest as described in *Lear Siegler*. ***I believe this litigation does fall within the customer suit exception***.

*See* Order Denying Transfer at 11 (attached as Ex. C) (emphasis added) (citations omitted).

Thus, Delaware will be proceeding with Microsoft and Google's declaratory judgment case against GeoTag.  Given this development, it would be an inefficient use of this Court's resources to allow GeoTag's claims against the customers of Microsoft/Google to proceed in Texas. Indeed, the Delaware case will likely dispose of any claims GeoTag has against ***all*** customers of the technology providers.  Moreover, GeoTag's recent case management proposal implicitly recognizes the importance of Microsoft and Google to its case.[8]  Indeed, if the Microsoft and Google provided technology were not central to GeoTag's allegations, GeoTag would not be willing to proceed on the merits against only Microsoft and Google's customers while agreeing to a stay on the merits for all defendants who do not use Microsoft or Google's technology. Given Microsoft and Google are the real parties in interest, and will be proceeding in Delaware on their claims, the Texas cases should be stayed at least as to any Microsoft and Google customers.[9]  Proceeding in Delaware would also be a far more efficient manner to dispose of GeoTag's claims.  The Delaware cases involve only the technology providers, as opposed to several hundred defendants spread across tens of cases.

---

[8]    GeoTag's position appears to have changed from its earlier representations to the Court.  As summarized by Judge Folsom: "Plaintiff stated it is not accusing use of, for example, the products of Microsoft, Google, and W2GI" by the customers in the Texas Cases.  *See* Judge Folsom's Order dated November 14, 2011 at 5 (attached as Ex. D).

[9]    Judge Andrews has set oral argument for March 6th on GeoTag's motion to dismiss/transfer Where 2 Get It's Delaware declaratory judgment suit.

**IV.    The Texas cases should also be stayed as to the non-technology providers in view of GeoTag's scheduling proposal.**

The Texas cases should also be stayed as to defendants that are not customers of Microsoft, Google and Where 2 Get It.  GeoTag's case management proposal concedes that it is willing to proceed on the merits against only the customers of Microsoft, Google and Where 2 Get It.  Thus, GeoTag cannot claim to be prejudiced by a full stay of the Texas cases.  Moreover, it would be inefficient for the Court to proceed with any part of the case while the Delaware Court proceeds.  In sum, this Court has the discretion to fully stay the Texas case, and such a stay would help resolve Judge Andrews' concerns regarding the resolution of the GeoTag cases by more than one judge.  *See* Order Denying Transfer (Ex. C) at 13 ("I think the 'interest of justice' supports management and resolution of all the Geotag cases by one judge, but it does not really provide an answer to the question whether it should be a Texas or a Delaware judge.").

**V.    Conclusion.**

For the foregoing reasons, the undersigned defendants request that the Court stay the Texas GeoTag cases.  Alternatively, should the Court decide to proceed, the undersigned defendants respectfully request that the Court adopt Defendants' proposed case management proposal, acknowledging the need to adjust the deadlines in the Defendants' proposal to accommodate any intervening period prior to entrance of the Scheduling Order.

Date: February 7, 2012                                      Respectfully submitted,

Danny L. Williams
Lead Counsel
State Bar No. 21518050
Terry D. Morgan
State Bar No. 14452430
Christopher N. Cravey
Texas State Bar No. 24034398
Brian K. Buss
State Bar No. 00798089
Michael A. Benefield
Texas State Bar No. 24073408
Indiana State Bar No. 24560-49
**WILLIAMS, MORGAN & AMERSON**
10333 Richmond Avenue, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Fax: (713) 934-7011
danny@wmalaw.com

**ATTORNEYS FOR DEFENDANTS:**
**BESTBUY.COM, LLC;**
**OLD NAVY, LLC;**
**TARGET CORP.;**
**NORDSTROM, INC.;**
**BANANA REPUBLIC, LLC;**
**GAP INC.;**
**COSTCO WHOLESALE CORP.;**
**PETCO ANIMAL SUPPLIES, INC.;**
**PETCO ANIMAL SUPPLIES STORES, INC.;**
**ZALE DELAWARE, INC. D/B/A GORDON'S**
**JEWELERS, D/B/A ZALES D/B/A PIERCING**
**PAGODA;**
**STARBUCKS CORP.;**
**DUNKIN' BRANDS, INC. D/B/A DUNKIN**
**DONUTS;**
**DUNKIN' DONUTS, LLC;**
**DARDEN CORP.;**
**MCDONALD'S CORP.;**
**CVS PHARMACY, INC.;**
**RITE AID CORP.;**
**A&W RESTAURANTS, INC.;**
**KFC CORP.;**
**LONG JOHN SILVER'S, INC.;**
**PIZZA HUT, INC.;**
**TACO BELL CORP.;**
**SPATIALPOINT LLC; AND**
**WAL-MART STORES, INC.**

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 7, 2012, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Riny Pieternelle*